Carolyn H. Cottrell (SBN 166977)
Ori Edelstein (SBN 268145)
Michelle S. Lim (SBN 315691)
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
mlim@schneiderwallace.com

Attorneys for Plaintiff, and the Putative Class and Collective

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID CHAVEZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>STELLAR MANAGEMENT GROUP VII, LLC; STELLAR MANAGEMENT GROUP, INC. d/b/a QSI QUALITY SERVICE INTEGRITY; THE VINCIT COMPANY, LLC d/b/a THE VINCIT GROUP and VINCIT ENTERPRISES,<br><br>Defendants. | Case No.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**(1) Violations of the Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq.*);**<br>**(2) Failure to Pay for All Hours Worked (Cal. Labor Code §§ 201, 202, 204, and 221-223);**<br>**(3) Failure to Pay Minimum Wage & Liquidated Damages (Labor Code §§ 1182.11, 1182.12, 1194, 1197, and 1197.1);**<br>**(4) Failure to Pay Overtime Wages (Cal. Labor Code § 510);**<br>**(5) Failure to Authorize and Permit and/or Make Available Meal and Rest Periods (Cal. Labor Code §§ 226.7 and 512);**<br>**(6) Failure to Provide Timely and Accurate Itemized Wage Statements (Cal. Labor Code § 226);**<br>**(7) Waiting Time Penalties (Cal. Labor Code §§ 201-203); and**<br>**(8) Violation of California Business and Professions Code §§ 17200 *et seq.***<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff David Chavez ("Plaintiff"), on behalf of himself and all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this class and collective action on behalf of himself and other similarly situated individuals who have worked for Stellar Management Group VII, LLC; Stellar Management Group, Inc. d/b/a QSI Quality Service Integrity; The Vincit Company, LLC d/b/a The Vincit Group and Vincit Enterprises (collectively, "QSI" or "Defendants") as non-exempt, hourly employees, including but not limited to Sanitation Workers, to challenge QSI's violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and California wage and hour laws.

2. This is a class action against QSI to challenge its policies and practices of: (1) failing to authorize employees to take meal periods and rest breaks to which they are entitled by law; (2) failing to provide the required premium pay to employees for missed or noncompliant meal and rest breaks; (3) failing to compensate employees for all hours worked; (4) failing to pay required minimum and overtime wages; (5) failing to provide employees with accurate, itemized wage statements as a result of the meal and rest break and other violations; and (6) failing to timely pay employees full wages upon termination or resignation as a result of the meal and rest break violations and other violations.

3. Plaintiff and members of the putative Class and Collective are current and former employees who worked for QSI as non-exempt hourly employees throughout the United States, including in California. These employees provide sanitation services for meat processing companies. Among other tasks, Plaintiff and putative Class and Collective members are responsible for preparing and spraying liquid chemicals, cleaning off and sanitizing equipment, performing regular maintenance on sanitation equipment, preparing the facility for audits by federal and state agencies, practicing food safety procedures, and protecting the brand image of meat processing companies.

4. Plaintiff and putative Class and Collective members are not paid the minimum wage for all hours worked, overtime rates or double time rates for all hours worked in excess of eight per day and forty per week as appropriate. Despite their long shifts, Plaintiff and putative Class and Collective

members are also routinely denied legally compliant meal and rest periods.

5. Plaintiff and putative Class and Collective members do not receive accurate, itemized wage statements reflecting the hours they actually work and the amount of wages and overtime to which they are entitled and for which they should be compensated. Nor are Plaintiff and putative Class and Collective members paid all amounts owed following voluntary or involuntary termination of employment.

6. As a result of these violations, Plaintiff seeks compensation, damages, penalties, and interest to the full extent permitted by the FLSA, the California Labor Code, and Industrial Welfare Commission ("IWC") Wage Orders.

7. QSI is also liable for violation of the Unfair Competition Law, Business and Professions Code §§ 17200 *et seq*. ("UCL").

8. Plaintiff also seeks declaratory, equitable, and injunctive relief, including restitution.

9. Finally, Plaintiff seeks reasonable attorneys' fees and costs under the FLSA, the Labor Code, and California Code of Civil Procedure § 1021.5.

**PARTIES**

10. Plaintiff and the putative Class and Collective members are current and former hourly, non-exempt employees who work for QSI as Sanitation Workers, among other positions, throughout the United States, including in California.

11. Plaintiff is an individual over the age of eighteen, and at all times relevant to this Complaint was a resident of the State of California.

12. QSI employed Plaintiff as a sanitation worker in California in 2018. Plaintiff worked for QSI as an hourly, non-exempt employee and was subject to the policies set forth in this complaint.

13. Plaintiff is informed, believes, and thereon alleges that Defendant The Vincit Company, LLC is a Tennessee corporation and maintains its headquarters in Chattanooga, Tennessee.

14. Plaintiff is informed, believes, and thereon alleges that Defendant Stellar Management Group VII, LLC is a Tennessee limited liability corporation and maintains its principal office in Chattanooga, Tennessee. Plaintiff is informed, believes, and thereon alleges that Defendant Stellar

Management Group, Inc. provides sanitation services at meat processing facilities as a subcontracted service provider nationwide, including in the State of California.

15. Plaintiff is informed, believes, and thereon alleges that QSI provides animal processing services, including engineering, chemical application, equipment outfitting, and logistics support in California and throughout the United States.

16. Plaintiff is informed, believes, and thereon alleges that QSI provides animal processing services, including sanitation, engineering, chemical application, equipment outfitting, and logistics support in California and throughout the United States.

17. Plaintiff is informed, believes, and thereon alleges that QSI employs non-exempt sanitation workers and other hourly employees throughout California, including in Merced County and Sonoma County.

18. Plaintiff is informed, believes, and thereon alleges that at all times mentioned in this Complaint, Defendants were the agents and employees of their co-defendants and in doing the things alleged in this Complaint were acting within the course and scope of such agency and employment.

19. Plaintiff is informed, believes, and thereon alleges that Defendant The Vincit Group, LLC serves in a capacity of direct control over the operations of its agent, Defendants Stellar Management Group, Inc., and Stellar Management Group VII, LLC. Plaintiff is informed, believes, and thereon alleges that The Vincit Group, LLC and Stellar Management Group, Inc., and Stellar Management Group VII, LLC jointly exercised control over Plaintiff and putative Class and Collective members with respect to work assignments to service QSI's customers. In California, QSI recruits employees for the job position of Sanitation Worker under the employer names of "The Vincit Group" and "QSI." Likewise, The Vincit Group, LLC's website describes QSI as one of its eight "member companies" and advertises "Sanitation Team Member" positions throughout California.

20. Plaintiff is informed, believes, and alleges that Defendants are either solely or jointly and severally liable for the conduct described in this complaint.

21. At all relevant times, QSI has done business under the laws of the United States, including California, including in this judicial district, and has employed Class and Collective members in this

judicial district. At all relevant times, QSI has been Plaintiff's "employer" within the meaning of the FLSA and California law. QSI is a "person" as defined in Labor Code § 18. QSI is also an "employer" as that term is used in the Labor Code and the IWC Wage Orders regulating wages, hours, and working conditions.

**JURISDICTION AND VENUE**

22. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 and Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

23. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

**FACTUAL ALLEGATIONS**

24. QSI provides animal processing services, including sanitation, engineering, chemical application, equipment outfitting, and logistics support in California and throughout the United States.

25. Plaintiff is informed, believes, and thereon alleges that QSI services dozens of facilities throughout the United States, including in California. To conduct its operations, QSI maintains an operation structure that incorporates the staffing of largely hourly, non-exempt employees who are required to handle a variety of tasks, including sanitation services. This operation structure is uniform and standardized throughout QSI's operations. The employment conditions for the non-exempt, hourly employees are substantially similar, if not identical, at QSI work locations throughout the United States, including in California.

26. QSI employed Plaintiff as an hourly, non-exempt sanitation worker in approximately August 2018. Plaintiff worked for QSI at the Foster Farms plant in Livingston, California.

27. Plaintiff was paid approximately $11.50 per hour, and worked ten to twelve hours per day.

28. Plaintiff's duties included, without limitation, donning and doffing protective equipment, convening for safety meetings at the start of each shift, cleaning off and sanitizing poultry equipment, preparing and spraying liquid chemicals, performing regular maintenance on sanitation equipment,

preparing the facility for audits by federal and state agencies, practicing food safety procedures, and ultimately protecting the brand image of meat processing companies.

29. Similar to Plaintiff, the putative Class and Collective members are current and former non-exempt employees, including Sanitation Workers, who work and/or worked for QSI throughout the United States, including in California. These workers perform duties including, but not limited to: donning and doffing protective equipment, convening for safety meetings at the start of each shift, preparing and spraying liquid chemicals, cleaning off and sanitizing poultry equipment, performing regular maintenance on sanitation equipment, preparing the facility for audits by federal and state agencies, practicing food safety procedures, and protecting the brand image of meat processing companies.

30. Plaintiff is informed, believes, and thereon alleges that at all relevant times QSI's employment policies and practices have been substantially the same for Plaintiff and the putative Class and Collective members, regardless of location throughout the United States, including in California.

31. QSI fails to provide Plaintiff and putative Class and Collective members with timely, legally compliant meal periods and rest breaks. For example, QSI requires that Plaintiff and putative Class and Collective members don their personal protective equipment while they are off-the-clock. QSI requires Plaintiff and putative Class and Collective members to either don their personal protective equipment and gather tools before they clock in for work, or after they clock out for their breaks. Plaintiff, like other putative Class and Collective members, spends approximately 10 minutes putting on this personal protective equipment prior to clocking in for work. As a result of QSI's policies, Plaintiff and putative Class and Collective members are not adequately compensated for all hours worked at their regular rate or at the applicable overtime rates.

32. QSI also requires Plaintiff and putative Class and Collective members to perform additional off-the-clock work. QSI maintains an employee parking lot that Plaintiff and putative Class and Collective members must use to park their vehicles. Before clocking in for a work shift, Plaintiff and putative Class and Collective members are required to park in the specified parking lot, they then must walk to a security gate and wait in long lines to have their belongings inspected. Once through

the security gate, they are required to walk to the facility to which they have been assigned and drop off their personal belongings in a designated break room. Plaintiff and putative Class and Collective members are not compensated for this time.

33. QSI also requires Plaintiff and putative Class and Collective members to perform substantial, additional off-the-clock work after their shifts have ended. After clocking out, QSI requires Plaintiff and putative Class and Collective members to walk to the security gate, to again wait in line before having their belongings inspected, and then walk back to the parking lot, taking approximately ten additional minutes to complete. They are also required to clean and sanitize their personal protective equipment, which takes an additional several minutes to complete per day. QSI did not pay Plaintiff or putative Class and Collective members for this additional work. In total, it takes at least an additional fifteen minutes or longer for Plaintiff to complete these post-shift duties per day.

34. QSI also fails to provide Plaintiff and putative Class and Collective members with timely, legally compliant meal periods and rest breaks. QSI requires Plaintiff and putative Class and Collective members to work during their meal periods and rest breaks. In addition, these breaks are not made available within the times prescribed by statute and are interrupted. QSI instructs the putative Class and Collective members, including Plaintiff, to take a paid rest break immediately upon starting their shift. Immediately following the rest break, QSI then requires the putative Class and Collective members, including Plaintiff, to immediately take an unpaid "lunch."

35. During the time that Plaintiff and putative Class and Collective members are required to take their rest break and lunch, QSI requires that they attend work-related meetings. Putative Class and Collective members who do not don their personal protective equipment prior to clocking in are required to don their personal protective equipment during these rest breaks and lunch. Plaintiff and putative Class and Collective members are not compensated for this time worked.

36. QSI also does not pay the required one hour of premium pay to Plaintiff and other putative Class and Collective members for each missed or non-compliant meal period and rest break. Consequently, the putative Class and Collective members are required to perform work off-the-clock and without pay during meal and rest breaks.

37. Immediately following the mandatory rest break and lunch, QSI requires Plaintiff and the putative Class and Collective members to work at least a nine-hour shift. Plaintiff and the putative Class and Collective members could not take a rest break unless approved by their supervisor. Plaintiff and the putative Class and Collective members are provided a single, second rest break that is both untimely and short, as the second rest break is only provided after seven hours of work and lasts only five minutes.

38. Plaintiff and putative Class and Collective members are typically scheduled to work over eight hours a day. Plaintiff is informed, believes, and thereon alleges that if the unpaid time spent working through break periods, along with the off-the-clock work were factored in, Plaintiff and putative Class and Collective members would be eligible for overtime compensation because they typically work over eight hours.

39. QSI is aware that non-exempt hourly employees do not receive timely and compliant meal and rest periods to which they are entitled and that it has, and continues, to deprive its hourly, non-exempt employees of compensation for all time worked. Plaintiff is informed, believes, and thereon alleges that QSI commits minimum wage violations by failing to pay Plaintiff and putative Class and Collective members missed break premium pay, requiring them to work off-the-clock and though breaks, and failing to pay overtime, in conjunction with a nominal rate of pay at or just above the minimum wage. For purposes of the FLSA, when the daily pay for these workers is divided by the actual hours that they work, and unpaid time worked are factored in, the effective hourly rate of pay falls below the minimum wage. As a result of QSI's policies and practices, Plaintiff and the putative Class and Collective members are denied minimum wage for all hours worked.

40. Plaintiff is informed, believes, and thereon alleges that QSI's policies and practices have at all relevant times been similar for non-exempt, hourly employees, regardless of the location within the United States, including in California.

41. QSI's unlawful conduct has been widespread, repeated, and consistent throughout its work locations in the United States, including in California. QSI knew or should have known that its policies and practices have been unlawful and unfair.

42. QSI's conduct was willful, carried out in bad faith, and caused significant damages to non-exempt hourly employees in an amount to be determined at trial.

**COLLECTIVE ALLEGATIONS UNDER THE FLSA**

43. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

44. Plaintiff brings his FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b) as to claims for failing to pay Plaintiff and Collective members for all hours worked, including minimum wage, wages at the agreed rate, and overtime compensation for all hours worked over 40 hours per week, liquidated damages, and attorneys' fees and costs under the FLSA. The FLSA Collective that Plaintiff seeks to represent is defined as follows:

> All current and former hourly, non-exempt employees of Stellar Management Group VII, LLC; Stellar Management Group, Inc. d/b/a QSI Quality Service Integrity; The Vincit Company, LLC d/b/a The Vincit Group and Vincit Enterprises in the United States during the time period three years prior to the filing of this Complaint until the resolution of this action.

45. Plaintiff's claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 216(b) of the FLSA because Plaintiff's FLSA claims are similar to the claims of the Collective members.

46. The Collective members are similarly situated, as they have substantially similar job duties and requirements and are subject to a common policy, practice, or plan that requires them to perform work without compensation in violation of the FLSA.

47. Plaintiff is representative of the Collective members and is acting on behalf of their interests, as well as Plaintiff's own interests, in bringing this action.

48. Plaintiff will fairly and adequately represent and protect the interests of Collective members. Plaintiff has retained counsel competent and experienced in employment class action and collective action litigation.

49. The similarly situated Collective members are known to QSI, are readily identifiable, and may be located through QSI's records. These similarly situated employees may readily be notified of this action, and allowed to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, liquidated damages (or, alternatively, interest),

and attorneys' fees and costs under the FLSA.

**CLASS ALLEGATIONS UNDER CALIFORNIA LAW**

50. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

51. Plaintiff brings this case as a class action on behalf of himself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23. The putative Class that Plaintiff seeks to represent is defined as follows:

> All current and former hourly, non-exempt employees of Stellar Management Group VII, LLC; Stellar Management Group, Inc. d/b/a QSI Quality Service Integrity; The Vincit Company, LLC d/b/a The Vincit Group and Vincit Enterprises in California during the time period four years prior to the filing of this Complaint until the resolution of this action

52. This action has been brought and may properly be maintained as a class action under Rule 23 because there is a well-defined community of interest in the litigation and the putative class is easily ascertainable.

a. **Numerosity**: The potential members of the putative Class as defined are so numerous that joinder of all the members of the putative Class is impracticable.

b. **Commonality**: There are questions of law and fact common to Plaintiff and the putative Class that predominate over any questions affecting only individual members of the putative Class. These common questions of law and fact include, but are not limited to:

i. Whether QSI fails to compensate putative Class members for all hours worked, including at minimum wage and as overtime compensation, in violation of the Labor Code and Wage Orders;

ii. Whether QSI's failure to compensate putative Class members for all hours worked, including at minimum wage and as overtime compensation, violates Business and Professions Code §§ 17200 *et seq*.;

iii. Whether QSI has a policy and/or practice of requiring putative Class members to suffer and permit to work for Defendant off-the-clock and without compensation;

iv. Whether QSI fails to pay putative Class members minimum wage for all hours worked, in violation of the Labor Code and Wage Orders;

v. Whether QSI's failure to pay putative Class members minimum wage for all hours worked, violates Business and Professions Code §§ 17200 *et seq*.;

vi. Whether QSI fails to properly pay overtime compensation, at either one and one-half times or double the regular rate of pay, to putative Class members in violation of the Labor Code and Wage Orders;

vii. Whether QSI's failure to properly pay overtime compensation, at either one and one-half times or double the regular rate of pay, to putative Class members violates Business and Professions Code §§ 17200 *et seq*.;

viii. Whether QSI fails to authorize and permit, make available, and/or provide putative Class members with compliant meal and rest periods to which they are entitled in violation of the Labor Code and Wage Orders;

ix. Whether QSI's failure to authorize and permit, make available, and/or provide putative Class members with timely meal and rest periods to which they are entitled violates Business and Professions Code §§ 17200 *et seq*.;

x. Whether QSI fails to provide putative Class members with timely, accurate itemized wage statements in violation of the Labor Code and Wage Orders;

xi. Whether QSI's failure to provide putative Class members with timely, accurate itemized wage statements violates Business and Professions Code §§ 17200 *et seq*.;

xii. Whether QSI fails to timely pay putative Class members for all wages owed upon termination of employment in violation of the Labor Code;

xiii. Whether QSI's failure to timely pay putative Class members for all wages owed upon termination of employment violates Business and Professions Code §§ 17200 *et seq.*; and

xiv. The proper formula for calculating restitution, damages and penalties owed to Plaintiff and the Class as alleged herein.

c. **Typicality**: Plaintiff's claims are typical of the claims of the Class. QSI's common course of conduct in violation of law as alleged herein has caused Plaintiff and putative Class members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

d. **Adequacy of Representation**: Plaintiff is a member of the Class, does not have any conflicts of interest with other putative Class members, and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiff is competent and experienced in litigating large employment class actions, including wage and hour classes. Plaintiff will fairly and adequately represent and protect the interests of the Class members.

e. **Superiority of Class Action**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all putative Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each putative Class member has been damaged and is entitled to recovery by reason of QSI's illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying

adjudication with respect to individual members of the Class, and, in turn, would establish incompatible standards of conduct for QSI.

**FIRST CAUSE OF ACTION**
**Violation of the Fair Labor Standards Act**
**29 U.S.C. §§ 201, et seq.**
**(Against Defendants – on Behalf of the Collective)**

53. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

54. The FLSA requires that covered employees receive compensation for all hours worked and overtime compensation not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a work week. 29 U.S.C. § 207(a)(1).

55. At all times material herein, Plaintiff and the Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA. 29 U.S.C. §§ 203(e) and 207(a).

56. Defendants are covered employers required to comply with the FLSA's mandates.

57. Defendants have violated the FLSA with respect to Plaintiff and the Collective, by, *inter alia*, failing to compensate Plaintiff and the Collective for all hours worked and, with respect to such hours, failing to pay the legally mandated overtime premium for such work and/or minimum wage. Defendants have also violated the FLSA by failing to keep required, accurate records of all hours worked by Plaintiff and the Collective. 29 U.S.C. § 211(c).

58. Plaintiff and the Collective are victims of a uniform and company-wide compensation policy that has been applied to current and former non-exempt, hourly employees of Defendants, working throughout the United States.

59. Plaintiff and the Collective are entitled to damages equal to the mandated pay, including minimum wage, straight time, and overtime premium pay within the three years preceding the filing of the complaint, plus periods of equitable tolling, because Defendants have acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

60. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the

Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

61. Pay, including minimum wage, straight time, and overtime compensation, has been unlawfully withheld by Defendants from Plaintiff and the Collective as a result of the QSI's violations of the FLSA. Accordingly, Defendants are liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

62. Wherefore, Plaintiff and the Collective request relief as hereinafter provided.

**SECOND CAUSE OF ACTION**
**Failure to Pay for All Hours Worked Pursuant to Labor Code §§ 201, 202, 204, and 221-223**
**(Against Defendants – on behalf of the Class)**

63. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

64. Labor Code § 200(a) defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation."

65. Labor Code §§ 201 and 202 require an employer to pay all wages earned but unpaid immediately upon the involuntary discharge of an employee or within seventy-two (72) hours of an employee's voluntary termination of employment.

66. Labor Code § 204 provides that employers must compensate employees for all hours worked "twice during each calendar month, on days designated in advance by the employer as the regular paydays."

67. Labor Code §§ 221-223 prohibit employers from withholding and deducting wages, or otherwise artificially lowering the wage scale of an employee.

68. Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Orders.

69. IWC Wage Order 8-2001(2)(G) defines hours worked as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

70. Defendants willfully engaged in and continues to engage in a policy and practice of not compensating Plaintiff and putative Class members for all hours worked or spent in their control. Defendants require Plaintiff and the Class to work off-the-clock without compensation. In other words, Plaintiff and the Class are forced to perform work for the benefit of Defendants without compensation.

71. Defendants regularly schedule Plaintiff and the putative Class members to work nine hours shifts. Defendants, however, intentionally and willfully require Plaintiff and putative Class members to complete additional work off-the-clock, in excess of nine hours per day. Plaintiff and putative Class members are required to complete multiple pre- and post-shift activities off-the-clock, including traveling to and waiting in long lines to be checked at security gates before and after their paid shifts, donning and doffing their personal protective equipment, and sanitizing and washing their personal protective equipment. In addition, Plaintiff and putative Class members routinely work through their meal period and are not compensated for that work. For example, Defendants require Plaintiff and putative Class members to attend work meetings during their meal break and to either don their personal protection equipment during their rest breaks and meal periods, or to clock in only after they have donned their personal protection equipment. Defendants also do not pay the required one hour of premium pay to Plaintiff and putative Class members for each missed or non-compliant meal period and rest break. Defendants do not pay Plaintiff or the putative Class members for this additional work time.

72. In violation of California law, Defendants knowingly and willfully refuse to perform their obligations to provide Plaintiff and the putative Class with compensation for all time worked. Defendants regularly fail to track the time Plaintiff and the putative Class actually work or to compensate them for hours worked. Therefore, Defendants committed, and continues to commit, the acts alleged herein knowingly and willfully, and in conscious disregard of the Plaintiff and the putative Class members' rights. Plaintiff and the putative Class are thus entitled to recover nominal, actual, and compensatory damages, plus interest, attorneys' fees, expenses, and costs of suit.

73. As a proximate result of the aforementioned violations, Plaintiff and the putative Class have been damaged in an amount according to proof at time of trial.

74. Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

**THIRD CAUSE OF ACTION**
**Failure to Pay Minimum Wages Pursuant to California Labor Code §§ 1182.11, 1182.12, 1194, 1197, and 1197.1**
**(Against Defendant – on Behalf of the Class)**

75. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

76. During the applicable statutory period, California Labor Code §§1182.11, 1182.12 and 1197, and the Minimum Wage Order were in full force and effect and required that Defendants' hourly employees receive the minimum wage for all hours worked irrespective of whether nominally paid on a piece rate, or any other bases, at the rate of ten dollars and fifty cents ($10.50) per hour commencing January 1, 2017, and at the rate of eleven dollars ($11.00) per hour commencing January 1, 2018.

77. "Hours worked" is the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

78. California Labor Code §1194 states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

79. Labor Code §1194.2 provides that, in any action under Section 1194 to recover wages because of the payment of a wage less than minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

80. Defendants have maintained policies and procedures which created a working environment where hourly employees are routinely compensated at a rate that is less than the statutory minimum wage. Plaintiffs and members of the putative Class frequently work time off-the-clock during rest and meal breaks and go uncompensated for this time. In addition, Sanitation Workers are regularly

uncompensated for time spent donning and doffing safety equipment. When the daily pay for these workers is divided by the actual hours that they work, and required missed break premiums and overtime are factored in, the effective hourly rate of pay falls below the minimum wage.

81. In violation of California law, and as a direct and proximate result of the unlawful acts and/or omissions of Defendants, Plaintiff and putative Class members have been deprived of minimum wages in an amount to be determined at trial, Plaintiff and putative Class members are thus entitled to a recovery of such amount, plus liquidated damages, plus interest thereon, attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194, 1194.2 and 1197.1.

82. As a proximate result of the aforementioned violations, Plaintiff and the putative Class have been damaged in an amount according to proof at time of trial.

83. Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**
**Failure to Pay Overtime Wages Pursuant to Labor Code § 510**
**(Against Defendant – on Behalf of the Class)**

84. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

85. Labor Code § 510 provides as follows:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.

86. IWC Wage Order 8-2001(3)(A)(1), & (3) states that employees:

> …shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than … [o]ne and one-half (1½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek….

87. Labor Code § 1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

88. Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

89. Defendants regularly require Plaintiff and putative Class members to work in excess of eight hours per day and forty hours per week, but do not compensate them at an overtime rate for this work.

90. Plaintiff and putative Class members have worked overtime hours for Defendants without being paid overtime premiums in violation of the Labor Code, applicable IWC Wage Orders, and other applicable laws.

91. Defendants have knowingly and willfully refused to perform their obligation to compensate Plaintiff and the putative Class members for all premium wages for overtime work. As a proximate result of the aforementioned violations, Defendants have damaged Plaintiff and the putative Class members in amounts to be determined according to proof at time of trial.

92. Defendants are liable to Plaintiff and the Class alleged herein for the unpaid overtime and civil penalties, with interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

93. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**<u>FIFTH CAUSE OF ACTION</u>**
**Failure to Authorize and Permit and/or Make Available Meal and Rest Periods**
**Pursuant to Labor Code §§ 226.7 and 512**
**(Against Defendant – on Behalf of the Class)**

94. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth

herein.

95. Defendants routinely do not make compliant meal periods available to Plaintiff and putative Class members. Despite long work days regularly lasting in excess of eight hours, Plaintiff and putative Class members are often unable to take a compliant meal break, are required to attend meetings during their meal breaks and/or put on their personal protective equipment, and are frequently interrupted during their meal breaks.

96. Plaintiff and putative Class members are not paid one hour of premium pay for the missed or non-compliant breaks. Plaintiff and putative Class members are routinely required to work through their meal period and are not compensated for that work. For example, Defendants require Plaintiff and putative Class members to attend work meetings during their meal break and to either don their personal protection equipment during their rest breaks and meal periods, or to clock in only after they have donned their personal protection equipment. Defendants do not pay Plaintiff or putative Class members for this additional work time.

97. Similar to meal periods, Defendants regularly fail to make rest periods available to Plaintiff and putative Class members. Plaintiff's and putative Class members' schedules regularly prevent them from taking rest periods throughout the day. When available, if ever, they are often not compliant. Instead, they are generally untimely, short, or interrupted. For example, Defendants only provide Plaintiff and putative Class members a single second rest break lasting only five minutes after seven hours of work. Plaintiff and putative Class members do not receive premium pay for their noncompliant or missed breaks as required by California law.

98. Labor Code §§ 226.7 and 512 and the applicable Wage Orders require Defendants to authorize and permit meal and rest periods to their employees. Labor Code §§ 226.7 and 512 and the Wage Orders prohibit employers from employing an employee for more than five hours without a meal period of not less than thirty minutes, and from employing an employee more than ten hours per day without providing the employee with a second meal period of not less than thirty minutes. Labor Code § 226.7 and the applicable Wage Orders also require employers to authorize and permit employees to take ten minutes of net rest time per four hours or major fraction thereof of work, and to pay employees

their full wages during those rest periods. Unless the employee is relieved of all duty during the thirty-minute meal period and ten-minute rest period, the employee is considered "on duty" and the meal or rest period is counted as time worked under the applicable Wage Orders.

99. Under Labor Code § 226.7(b) and the applicable Wage Orders, an employer who fails to authorize, permit, and/or make available a required meal period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period was not authorized and permitted. Similarly, an employer must pay an employee denied a required rest period one hour of pay at the employee's regular rate of compensation for each workday that the rest period was not authorized and permitted and/or not made available.

100. Despite these requirements, Defendants have knowingly and willfully refused to perform their obligations to authorize and permit and/or make available to Plaintiff and the Class the ability to take the off-duty meal and rest periods to which they are entitled. Defendants have also failed to pay Plaintiff and the Class one hour of pay for each off-duty meal and/or rest periods that they are denied. Defendants' conduct described herein violates Labor Code §§ 226.7 and 512. Therefore, pursuant to Labor Code § 226.7(c), Plaintiff and the putative Class are entitled to compensation for the failure to authorize and permit and/or make available meal and rest periods, plus interest, attorneys' fees, expenses and costs of suit.

101. As a proximate result of the aforementioned violations, Plaintiff and the putative Class have been damaged in an amount according to proof at time of trial.

102. Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

## SIXTH CAUSE OF ACTION
**Failure to Provide Accurate Itemized Wage Statements Pursuant to Labor Code § 226**
**(Against Defendant – on Behalf of the Class)**

103. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

104. Defendants do not provide Plaintiff and putative Class members with accurate itemized wage statements as required by California law.

105. Labor Code § 226(a) provides in part:

> An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer … and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee … The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

106. The IWC Wage Orders also establishes this requirement. (*See* IWC Wage Order 16-2001(6).)

107. Labor Code § 226(e)(1) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

108. Plaintiff seeks to recover the greater of all actual damages or fifty dollars for the initial pay period in which a violation occurs and one hundred dollars per employee for each violation in a subsequent pay period, costs and attorneys' fees under this section.

109. Defendants do not provide timely, accurate itemized wage statements to Plaintiff and putative Class members in accordance with Labor Code § 226(a) and the IWC Wage Orders. The wage statements Defendants provide their employees, including Plaintiff and putative Class members, do not accurately reflect the actual hours worked, actual gross wages earned, or actual net wages earned.

110. Defendants are liable to Plaintiff and the putative Class alleged herein for the amounts described above in addition to the civil penalties set forth below, with interest thereon. Furthermore,

Plaintiff is entitled to an award of attorneys' fees and costs as set forth below, pursuant to Labor Code § 226(e).

111. Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

**SEVENTH CAUSE OF ACTION**
**Waiting Time Penalties Pursuant to Labor Code §§ 201-203**
**(Against Defendant – on Behalf of the Class)**

112. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

113. Defendants do not provide putative Class members with their wages when due under California law after their employment with Defendants ends.

114. Labor Code § 201 provides that: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

115. Labor Code § 202(a) provides in part:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

116. Labor Code § 203 provides, in relevant part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

117. Some of the putative Class members left their employment with Defendants during the statutory period, at which time Defendants owed them unpaid wages. These earned, but unpaid, wages derive from time spent working for the benefit of Defendants, which went unrecorded and/or uncompensated.

118. Defendants willfully refused and continues to refuse to pay putative Class members all the wages due and owing to them, in the form of uncompensated off-the-clock time, minimum wage, overtime, and meal and rest period premium pay upon the end of their employment as a result of

Defendants' willful failure to provide Plaintiff and the putative Class members with payment for all hours worked, overtime, and meal and rest breaks. As a result of Defendants' actions, Plaintiff and putative Class members have suffered and continue to suffer substantial losses, including lost earnings, and interest.

119. Defendants' willful failure to pay Plaintiff and putative Class members the wages due and owing them constitutes a violation of Labor Code §§ 201-202. As a result, Defendants are liable to Plaintiff and proposed Class members for all penalties owing pursuant to Labor Code §§ 201-203.

120. In addition, Labor Code § 203 provides that an employee's wages will continue as a penalty up to thirty days from the time the wages were due. Therefore, the Plaintiff and putative Class members are entitled to penalties pursuant to Labor Code § 203, plus interest.

121. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## EIGHTH CAUSE OF ACTION
**Violation of California Business and Professions Code §§ 17200 *et seq.***
**(Against Defendant – on Behalf of the Class)**

122. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

123. The UCL prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

124. Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

125. Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

126. Beginning at an exact date unknown to Plaintiff, but at least since the date four years prior to the filing of this suit, Defendants have committed acts of unfair competition as defined by the UCL, by engaging in the unlawful, unfair, and fraudulent business acts and practices described in this

Complaint, including, but not limited to:

a. violations of Labor Code § 1194 and IWC Wage Order 8-2001 pertaining to payment of wages, including minimum wage, for all hours worked;

b. violations of Labor Code § 510 and Wage Order 8-2001 pertaining to overtime;

c. violations of Labor Code §§ 226.7 and 512 and Wage Order 8-2001 pertaining to meal and rest breaks;

d. violations of Labor Code § 226 regarding accurate, timely itemized wage statements; and

e. violations of Labor Code §§ 201-203.

127. The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§ 17200 *et seq*.

128. The acts and practices described above constitute unfair, unlawful, and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§ 17200 *et seq*. Among other things, the acts and practices have taken from Plaintiff and the Class wages rightfully earned by them, while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

129. Business and Professions Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent Defendants from repeating the unlawful, unfair, and fraudulent business acts and practices alleged above.

130. As a direct and proximate result of the aforementioned acts and practices, Plaintiff and the Class members have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

131. Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition. Plaintiff and the Class are entitled to restitution pursuant to Business and Professions Code § 17203 for

all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint. Plaintiff's success in this action will enforce important rights affecting the public interest and in that regard Plaintiff sues on behalf of himself as well as others similarly situated. Plaintiff and putative Class members seek and are entitled to unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

132. Plaintiff herein takes upon himself enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing him to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Code of Civil Procedure §1021.5 and otherwise.

133. Wherefore, Plaintiff and the putative Class request relief as hereinafter provided

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

a. Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the FLSA and California Labor Code;

b. For a declaratory judgment that Defendants have violated the FLSA and California Labor Code and public policy as alleged herein;

c. For a declaratory judgment that Defendants have violated California Business and Professions Code §§ 17200 *et seq.*, as a result of the aforementioned violations of the California Labor Code and of California public policy protecting wages;

d. For preliminary, permanent, and mandatory injunctive relief prohibiting Defendants, their officers, agents, and all those acting in concert with them from committing in the future those violations of law herein alleged;

e. For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

f. For an order awarding Plaintiff and the Class and Collective members compensatory damages, including lost wages, earnings, liquidated damages, and other employee

benefits, restitution, recovery of all money, actual damages, punitive damages, and all other sums of money owed to Plaintiff and Class members, together with interest on these amounts, according to proof;

g. For an order awarding Plaintiff and the Class members civil penalties pursuant to the FLSA and California Labor Code provisions cited herein, with interest thereon;

h. For an award of reasonable attorneys' fees as provided by the California Labor Code; California Code of Civil Procedure § 1021.5; the FLSA; and/or other applicable law;

i. For all costs of suit;

j. For interest on any damages and/or penalties awarded, as provided by applicable law; and

k. For such other and further relief as this Court deems just and proper.

Date: March 13, 2019

Respectfully Submitted,

*/s/ Carolyn H. Cottrell*

Carolyn H. Cottrell (SBN 166977)
Ori Edelstein (SBN 268145)
Michelle S. Lim (SBN 315691)
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

Attorneys for Plaintiff, and the Putative Class and Collective

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to a jury.

Date: March 13, 2019

Respectfully Submitted,

*/s/ Carolyn H. Cottrell*

Carolyn H. Cottrell (SBN 166977)
Ori Edelstein (SBN 268145)
Michelle S. Lim (SBN 315691)
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

Attorneys for Plaintiff, and the Putative Class and Collective