**Exhibit 1**

1  Ernest M. Malaspina (SBN 187946)
   emalaspina@hopkinscarley.com
2  Jennifer S. Coleman (SBN 213210)
   jcoleman@hopkinscarley.com
3  Shirley E. Jackson (SBN 205872)
   sjackson@hopkinscarley.com
4  Sean Bothamley (SBN 300100)
   sbothamley@hopkinscarley.com
5  HOPKINS & CARLEY
   A Law Corporation
6  The Letitia Building
   70 South First Street
7  San Jose, CA  95113-2406

8  *mailing address:*
   P.O. Box 1469
9  San Jose, CA 95109-1469
   Telephone:    (408) 286-9800
10 Facsimile:    (408) 998-4790

11 Attorneys for Defendants
   STELLAR MANAGEMENT GROUP VII, LLC;
12 STELLAR MANAGEMENT GROUP, INC. d/b/a
      QSI QUALITY SERVICE INTEGRITY; and
13 THE VINCIT COMPANY, LLC d/b/a THE
      VINCIT GROUP and VINCIT ENTERPRISES

14

15                  UNITED STATES DISTRICT COURT

16                 NORTHERN DISTRICT OF CALIFORNIA

17                        SAN FRANCISCO

18 DAVID CHAVEZ, on behalf of himself          CASE NO.  3:19-cv-01353-JCS
   and all others similarly situated,
19                                              **SUR-REPLY IN SUPPORT OF RENEWED**
                    Plaintiff,                  **MOTION TO DISMISS FOR LACK OF**
20                                              **PERSONAL JURISDICTION OF**
         v.                                     **DEFENDANTS STELLAR MANAGEMENT**
21                                              **GROUP, INC. D/B/A QSI QUALITY**
   STELLAR MANAGEMENT GROUP VII,               **SERVICE INTEGRITY AND THE VINCIT**
22 LLC; STELLAR MANAGEMENT                      **COMPANY, LLC D/B/A THE VINCIT**
   GROUP, INC. d/b/a QSI QUALITY                **GROUP AND VINCIT ENTERPRISES**
23 SERVICE INTEGRITY; THE VINCIT
   COMPANY, LLC d/b/a THE VINCIT                Date:        January 31, 2020
24 GROUP and VINCIT ENTERPRISES,                Time:        9:30 a.m.
                                                Judge:       Joseph C. Spero, Chief Magistrate
25                  Defendants.                 Place:       Courtroom F – 15th Floor

26                                              Action Filed:  March 13, 2019

27

28

Hopkins & Carley
Attorneys At Law
San Jose ♦ Palo Alto

3419360.6

DEFENDANTS STELLAR MANAGEMENT GROUP, INC. AND THE VINCIT COMPANY, LLC'S SUR-REPLY ISO RENEWED MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION CASE NO. 3:19-CV-01353-JCS

# I.    INTRODUCTION

On October 16, 2019, the California Superior Court for the County of Sonoma ruled that Vincit, LLC and Stellar, Inc. did not have sufficient minimum contacts with the State of California for a court to exert personal jurisdiction over them pursuant to California's long-arm statute with respect to claims arising out of Plaintiff David Chavez' August 2018 employment. Plaintiff did not appeal this decision, and the order became final on December 26, 2019. Pursuant to Article 4, Section 1 of the United States Constitution and 28 U.S.C. § 1738, this Court must give "full faith and credit" and issue-preclusive effect to the Sonoma County Superior Court's order and hold that Vincit, LLC and Stellar, Inc. do not have sufficient minimum contacts for this District Court to exert personal jurisdiction over them pursuant to California's long-arm statute with respect to claims arising out of Plaintiff's David Chavez' August 2018 employment. Accordingly, defendants' Renewed Motion to Dismiss for Lack of Personal Jurisdiction must be granted, and both of these defendants must be dismissed.

# II.    FACTUAL BACKGROUND[1]

***Plaintiff's Sonoma County Action and his Northern District Action are based on the same underlying allegations relating to his August 2018 Employment in Livingston, CA.***

On March 13, 2019, Plaintiff David Chavez filed his Class and Collective Action Complaint in the United States District Court for the Northern District of California, alleging eight causes of action: **(1)** violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq.; **(2)** failure to pay for all hours worked, pursuant to Labor Code §§ 201, 202, 204, and 221-223; **(3)** failure to pay minimum wage & liquidated damages, pursuant to Labor Code §§ 1182.11, 1182.12, 1194, 1197, and 1197.1; **(4)** failure to pay overtime wages, pursuant to Labor Code § 510; **(5)** failure to authorize or permit and/or make available meal and rest periods, pursuant to Labor Code §§ 226.7 and 512; **(6)** failure to provide timely and accurate itemized wage statements, pursuant to Labor Code § 226; **(7)** waiting time penalties, pursuant to Labor Code §§

---

[1] Unless otherwise noted, all facts set forth herein are supported by the Declaration of Sean Bothamley ("Bothamley Sur-Reply Decl.") or the Request for Judicial Notice ("Sur-Reply RJN") filed concurrently herewith.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

3419360.6                                                -1-
DEFENDANTS STELLAR MANAGEMENT GROUP, INC. AND THE VINCIT COMPANY, LLC'S SUR-REPLY ISO RENEWED MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION CASE NO. 3:19-CV-01353-JCS

201 through 203, and **(8)** violations of California Business and Professions Code, pursuant to Labor Code §§ 17200, et seq.  ("Northern District Action").  David Chavez is the only named Plaintiff in the Northern District Action, and his standing is based solely upon his work as a sanitation worker.[2]

On March 14, 2019, Plaintiff David Chavez filed a Complaint Pursuant to the Labor Code Private Attorneys General Act of 2004 in the California Superior Court for Sonoma County, alleging six causes of action:  **(1)** penalties pursuant to Labor Code § 2699(f) for violations of California Labor Code §§ 226.7 and 512, relating to meal periods and rest break violations;  **(2)** penalties pursuant to Labor Code § 2699(f) for violations of California Labor Code §§ 200, 204, 1194, and 1198, relating to failures to pay for all hours worked;  **(3)** penalties pursuant to Labor Code § 2699(f) for violations of California Labor Code §§ 1182.11, 1182.12, and 1197, relating to failures to pay minimum wages;  **(4)** penalties pursuant to Labor Code § 2699(f) for violations of California Labor Code §§ 200, 510, and 1194, relating to failure to pay overtime wages;  **(5)** penalties pursuant to Labor Code § 2699(f) for violations of California Labor Code § 226 relating to failures to provide accurate, itemized wage statements; and  **(6)** penalties pursuant to Labor Code § 2699(f) for violations of California Labor Code §§ 201 through 203, relating to waiting time penalties ("Sonoma County Action").  David Chavez is the only named Plaintiff in the Sonoma County Action, and his standing is based solely upon his work as a sanitation worker.[3]

Both of these actions are founded upon the same (and nearly identical) allegations relating to Plaintiff David Chavez' employment as a sanitation worker in Livingston, California in August of 2018.[4]  While the numbering and naming of Plaintiff's claims may differ between the two actions, the material allegations giving rise to these claims are indistinguishable.

### _The Sonoma County Superior Court Granted Defendants Vincit, LLC's and Stellar, Inc.'s Motion to Quash Service for Lack of Personal Jurisdiction, which Plaintiff did not appeal._

On May 6, 2019, defendants Vincit, LLC and Stellar, Inc. filed a Motion to Quash Service of Lack of Personal Jurisdiction ("Motion to Quash") in response to the Sonoma County Action

---

[2] _See_ Request for Juridical Notice ("RJN") (Dkt. No. 46), ¶5, Ex. 5 at ¶12, 2:21-22.
[3] Sur-Reply RJN, ¶ 1, Ex. A.
[4] _Compare_ RJN (Dkt. No. 46), ¶5, Ex. 5 at ¶¶ 24-42 _with_ Sur-Reply RJN, ¶ 1, Ex. A, at ¶¶ 24-39.

on the grounds that California courts lacked personal jurisdiction over those defendants.[5]

Plaintiff filed opposition papers in response to the Motion to Quash[6], and the Sonoma County

Superior Court continued the Motion to Quash to October 2, 2019 to allow Plaintiff to conduct

jurisdictional discovery.[7]

Plaintiff thereafter propounded discovery to all three named defendants[8], and Defendants

responded to this discovery without extension.  Defendants' Motion to Quash was then fully re-

briefed in September 2019, with Plaintiff again filing opposition papers.[9]  Oral argument was

held on October 2, 2019, which Plaintiff's counsel attended and argued.[10]

On October 16, 2019, the Sonoma County Superior Court granted Defendants Vincit,

LLC's and Stellar, Inc.'s Motion to Quash ("Order Granting Motion to Quash").[11] On October

22, 2019, defendants Vincit, LLC and Stellar, Inc. served a Notice of Entry of Order of the Order

Granting Motion to Quash.[12]  Plaintiff did not appeal this order within 60 days of service.[13]

### III.   LEGAL ARGUMENT

**A.   The Order Granting Defendants Vincit, LLC's and Stellar, Inc.'s Motion to Quash is Entitled to "Full Faith And Credit" and Has Issue-Preclusive Effect Over the Same Issues Currently Before this Court.**

The Sonoma County Superior Court's orders and judgments are entitled to "full faith and

credit" within all United States Courts.[14]  Similarly, Federal courts are compelled by 28 U.S.C. §

1738, the "full faith and credit" statute, to give the same issue-preclusive effect to State court

judgments as would the courts of that State.[15]  This holds true for issues involving the existence

---

[5] Sur-Reply RJN, ¶ 2, Ex. B.
[6] Sur-Reply RJN, ¶ 3, Ex. C.
[7] Bothamley Sur-Reply Decl., Ex. A.
[8] Bothamley Sur-Reply Decl., ¶ 4.
[9] Bothamley Sur-Reply Decl., ¶ 5, and Sur-Reply RJN, ¶ 4, Ex. D.
[10] Bothamley Sur-Reply Decl., ¶ 5.
[11] Sur-Reply RJN, ¶ 5, Ex. E.
[12] Sur-Reply RJN, ¶ 6, Ex. F.
[13] Bothamley Sur-Reply Decl., ¶ 6.
[14] *See* U.S.C. Const. Art. 4, § 1; *see also* 28 U.S.C. § 1738 (State judicial proceedings shall have the same full faith and credit in every court within the United States as they have by law or usage in the courts of such State from which they are taken).
[15] *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka* (9th Cir. 2010) 599 F.3d 1102, 1106, n.3; *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999) (the doctrine of issue preclusion may apply to issues of personal jurisdiction that were previously litigated between state and federal courts) (*citing Baldwin v. Iowa State Traveling Men's Assn.,* 283 U.S.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

3419360.6
- 3 -
DEFENDANTS STELLAR MANAGEMENT GROUP, INC. AND THE VINCIT COMPANY, LLC'S  SUR-REPLY ISO RENEWED MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION CASE NO.  3:19-CV-01353-JCS

of personal jurisdiction previously resolved by a State court in favor of a defendant challenging such jurisdiction.[16]  Such issue-preclusive effect is mandated by the fundamental purposes of the full faith and credit statute, the promotion of comity, and the conservation of judicial resources.[17]

Under the doctrine of issue preclusion, a party is precluded from re-litigating an issue if four requirements are met: "(1) there was a full and fair opportunity to litigate the issue in the previous action; (2) the issue was actually litigated; (3) there was final judgment on the merits; and (4) the person against whom collateral estoppel is asserted was a party to or in privity with a party in the previous action."[18]  Issue preclusion applies even where new and relevant evidence is presented in the subsequent action.  *See Paulo v. Holder*, 669 F.3d 911, 918 (9th Cir. 2011) ("If a new legal theory or factual assertion raised in the second action is relevant to the issues that were litigated and adjudicated previously, the prior determination of the issue is conclusive on the issue despite the fact that new evidence or argument relevant to the issue wasn't in fact expressly pleaded, introduced into evidence, or otherwise urged.") (quoting 18 James W. Moore et al., Moore's Federal Practice § 132.02[2][c] (3d ed. 2010)).  The burden is on the party seeking to rely upon issue preclusion to prove each of the elements have been met.[19]

As set forth below, all four requirements of issue preclusion are met with respect to the issue of whether Vincit, LLC and Stellar, Inc. have sufficient minimum contacts with the forum state of California such that California Courts (whether state or federal) can assert personal jurisdiction over them.

---

522, 524–527 (1931) (personal jurisdiction ruling has issue-preclusive effect).

[16] *See Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 995 (9th Cir. 2004); *see also Sarviss v. Walters,* No. CV 10-949-GW (FMQX), 2010 WL 11595712, at *2–4 (C.D. Cal. Aug. 5, 2010) ("If, therefore, it turns out that the state court ordered the action then before it dismissed due to insufficient minimum contacts, the full faith and credit statute and [*Sabek, Inc. v. Engelhard Corp.*, 65 Cal.App.4th 992 (1998)] would definitively preclude Plaintiff from re-filing the action [in federal court] in the hopes for a better jurisdictional ruling. His only recourse would have been to challenge the state court's ruling on appeal. There is no indication that he did so.").

[17] *See Southeast Resource Recovery Facility Authority v. Montenay Intern. Corp.* (9th Cir. 1992) 973 F.2d 711, 714.

[18] *Wolfson v. Brammer*, 616 F.3d 1045, 1064 (9th Cir. 2010).

[19] *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1050–51 (9th Cir. 2008).

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

3419360.6                                                                - 4 -
DEFENDANTS STELLAR MANAGEMENT GROUP, INC. AND THE VINCIT COMPANY, LLC'S  SUR-REPLY ISO RENEWED MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION CASE NO.  3:19-CV-01353-JCS

**1.** **Plaintiff had a full and fair opportunity to litigate the issue of personal jurisdiction over Vincit, LLC and Stellar, Inc. in the Sonoma County Action.**

First, the factual allegations within Plaintiff's State and Federal actions are nearly identical, with only minor differences relating to non-parties (i.e., "putative class" members for his Federal Action and other "aggrieved employees" for his PAGA claims).[20]  With respect to allegations relating to Plaintiff David Chavez personally, the Northern District Action and the Sonoma County Action are virtually the same.  Accordingly, Plaintiff had the same allegations at his disposal in both actions in order to support his argument for personal jurisdiction.

Second, the legal framework that the Sonoma County Superior Court applied for evaluating whether personal jurisdiction existed parallels that which this Court must apply.[21]  In fact, because California's long-arm jurisdictional statute is coextensive with federal due process requirements, "the jurisdictional analyses under state law and federal due process are the same." *Dole Food*, 303 F.3d at 1110 (citing Cal. Civ. Proc. Code § 410.10, California's long-arm statute). Accordingly, Plaintiff was required to establish personal jurisdiction under the same statute in both cases, such that he had the same opportunity to argue this issue in the Sonoma County Action as he does before this Court.

Third, Plaintiff was given the same opportunity for discovery in both cases.  In the Sonoma County Action, he was given free rein to conduct jurisdictional discovery starting June 25, 2019.  Such discovery rights were even broader than those permitted by this Court, as the Sonoma County Superior Court's leave for discovery was not limited to the five categories enumerated within this Court's July 1, 2019 minute order.[22]  Plaintiff did not move the Sonoma County Superior Court for any additional extension of time to conduct discovery, nor did Plaintiff question the sufficiency or completeness of Defendants written discovery responses.  Further, Plaintiff did not file any motion to compel with respect to Defendants' discovery responses;

[20] *See* RJN (Dkt. No. 46), ¶5, Ex. 5 at ¶¶ 24-42; *see also* Sur-Reply RJN, ¶ 1, Ex. A, ¶¶ 24-39.
[21] *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1110 (9th Cir. 2002) (When there is no applicable federal statute governing personal jurisdiction, district courts apply the law of the state in which the district court sits."); *see also Aviles v. Kunkle*, 978 F.2d 201, 204 (5th Cir. 1992) (Courts apply the law of California to determine whether personal jurisdiction exists for Fair Labor Standards Act claims).
[22] Reply RJN (Dkt. No. 52), ¶ 1 [Dkt. No. 29].

3419360.6
DEFENDANTS STELLAR MANAGEMENT GROUP, INC. AND THE VINCIT COMPANY, LLC'S  SUR-REPLY ISO RENEWED MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION CASE NO.  3:19-CV-01353-JCS

1    although he had the *opportunity* to do so, he simply chose not to.  Accordingly, Plaintiff had the

2    same, if not greater, discovery tools available for him to establish personal jurisdiction in his

3    Sonoma County Action.

4           As the Sonoma County Action was based on the same substantive allegations, the Sonoma

5    County Superior Court applied the same statutory framework this Court must apply, and it

6    granted Plaintiff equal or greater jurisdictional discovery rights than this Court allowed, Plaintiff

7    had a full and fair opportunity to litigate the issue of personal jurisdiction over Vincit, LLC and

8    Stellar, Inc. before the Sonoma County Superior Court.

9              **2.    Plaintiff actually litigated the issue of personal jurisdiction over Vincit,
                      LLC and Stellar, Inc. in the Sonoma County Superior Court.**
10

11          Much like Defendants' Motion to Dismiss filed in this action, their Motion to Quash was

12   full briefed *twice* for Judge Dollard of the Sonoma County Superior Court – once before the

13   opportunity for jurisdictional discovery and once after.  Defendant first filed their Motion to

14   Quash on May 6, 2019, to which Plaintiff filed opposition papers.[23]  On June 25, 2019, the

15   Sonoma County Superior Court issued a tentative ruling continuing the Motion to October 2,

16   2019 to allow Plaintiff to conduct jurisdictional discovery.[24]  Plaintiff thereafter propounded a

17   total of 57 special interrogatories and 58 requests for production of documents (not including

18   subparts which effectively totaled 89 requests for production of documents) between all three

19   named defendants.[25]  Defendants responded to this discovery without extension.  Plaintiff did not

20   move the Sonoma County Superior Court for any additional time to conduct discovery, nor did

21   Plaintiff question the sufficiency or completeness of Defendants' written discovery responses or

22   document production.[26]  Further, Plaintiff did not file any motions to compel based on the

23   responses Defendants provided.[27]  Defendants' Motion to Quash was then fully re-briefed in

24   September 2019, with Plaintiff again filing opposition papers.[28]  Oral argument was held on

25   _____
     [23] Sur-Reply RJN, ¶ 3, Ex. C.
26   [24] Bothamley Sur-Reply Decl., Ex. A.
     [25] Bothamley Sur-Reply Decl., ¶ 4.
27   [26] Bothamley Sur-Reply Decl., ¶ 4.
     [27] Bothamley Sur-Reply Decl., ¶ 4.
28   [28] Bothamley Sur-Reply Decl., ¶ 5, and Sur-Reply RJN, ¶ 4, Ex. D.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

DEFENDANTS STELLAR MANAGEMENT GROUP, INC. AND THE VINCIT COMPANY, LLC'S  SUR-REPLY ISO RENEWED MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION CASE NO.  3:19-CV-01353-JCS

1    October 2, 2019, which Plaintiff's counsel attended and argued.[29]  Accordingly, the issue of

2    personal jurisdiction was actually litigated before the Sonoma County Superior Court.

3            **3.      The Sonoma County Superior Court issued a final order with respect
                        to the issue of personal jurisdiction over Vincit, LLC and Stellar, Inc.**

4

5            Under California law, a judgment is final for the purposes of collateral estoppel when it is

6    free from the potential of a direct attack, i.e. until no further direct appeal can be taken.[30]  An

7    appeal may be taken from a superior court order granting a motion to quash service of

8    summons,[31] and the deadline to appeal such an order is "on or before… 60 days after the party

9    filing the notice of appeal serves or is served by a party with a document entitled "Notice of

10   Entry" of judgment or a filed-endorsed copy of the judgment, accompanied by proof of

11   service."[32]

12           Defendants Vincit, LLC and Stellar, Inc. served a Notice of Entry of Order of the Order

13   Granting Motion to Quash on October 22, 2019.[33]  The deadline for Plaintiff to appeal this Order

14   was December 26, 2019 (60 days plus an additional five days pursuant to CCP § 1013 for service

15   by mail).  Plaintiff did not appeal the Order Granting Motion to Quash[34], such that it is final for

16   purposes of issue preclusion.[35]

17           Accordingly, the issue of whether Vincit, LLC and Stellar, Inc. have sufficient minimum

18   contacts with the State of California such that a court can exert personal jurisdiction over them

19   pursuant to California's long-arm statute with respect to claims arising out of Plaintiff's David

20   Chavez' August 2018 employment has been conclusively resolved against Plaintiff by a final

21   order.

22

23

24   _____
     [29] Bothamley Sur-Reply Decl., ¶ 5.

25   [30] *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106, n.3 (9th
     Cir. 2010) (*citing Abelson v. Nat'l Union Fire Ins. Co.*, 28 Cal.App.4th 776 (1994)).
     [31] *See* Code of Civil Procedure section 904.1(c).

26   [32] *See* California Rules of Court, Rule 8.104(a)(1)(B)
     [33] Bothamley Sur-Reply Decl., ¶ 6.

27   [34] Bothamley Sur-Reply Decl., ¶ 6.
     [35] *See Sarviss v. Walters*, No. CV 10-949-GW (FMQX), 2010 WL 11595712, at *2–4 (C.D. Cal.

28   Aug. 5, 2010).

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

3419360.6

DEFENDANTS STELLAR MANAGEMENT GROUP, INC. AND THE VINCIT COMPANY, LLC'S  SUR-REPLY ISO RENEWED MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION CASE NO.  3:19-CV-01353-JCS

**4.    Issue preclusion would be against David Chavez, who is the Plaintiff in both actions.**

Plaintiff David Chavez was the party asserting personal jurisdiction in both actions.[36] Accordingly, the fourth factor of issue preclusion is met.

## IV.    CONCLUSION

All four elements of issue preclusion are met with respect to the issue of whether Vincit, LLC and Stellar, Inc. have sufficient minimum contacts with the State of California such that a court can exert personal jurisdiction over them pursuant to California's long-arm statute with respect to claims arising out of Plaintiff's David Chavez' August 2018 employment.  As such, the Order Granting Motion to Quash dated October 16, 2019 must be given "full faith and credit," and Defendants' Renewed Motion must be granted.


Dated: January 7, 2020                    HOPKINS & CARLEY
                                          A Law Corporation



                                          By: */s/ Sean Bothamley*
                                                Ernest M. Malaspina
                                                Jennifer S. Coleman
                                                Shirley E. Jackson
                                                Sean Bothamley
                                                Attorneys for Defendants
                                                Stellar Management Group VII, LLC
                                                Stellar Management Group, Inc. d/b/a QSI
                                                  Quality Service Integrity
                                                The Vincit Company, LLC d/b/a The Vincit
                                                Group and Vincit Enterprises

---

[36] *See generally,* Dkt. No. 1 *and* Sur-Reply RJN, ¶ 1, Ex. A.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

3419360.6
- 8 -
DEFENDANTS STELLAR MANAGEMENT GROUP, INC. AND THE VINCIT COMPANY, LLC'S  SUR-REPLY ISO RENEWED MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION CASE NO. 3:19-CV-01353-JCS