UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CHAVEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>STELLAR MANAGEMENT GROUP VII, LLC, et al.,<br><br>  Defendants. | Case No. 19-cv-01353-JCS<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 9 |

The Court previously denied a motion by Defendants Stellar Management Group, Inc. ("Stellar Inc.") and The Vincit Company, LLC ("Vincit") to dismiss Plaintiff David Chavez's claims against them for lack of personal jurisdiction. *See* Order Denying Renewed Mot. to Dismiss (dkt. 63). Among other reasons for denying the motion, the Court declined to afford preclusive effect to a state court order finding that those companies were not subject to personal jurisdiction in a separate action brought by Chavez on behalf of the State of California under the Private Attorneys General Act ("PAGA"). *Id.* at 9–10. The Court relied in part on Chavez's counsel's declaration stating that the California Superior Court granted Chavez leave to seek amendment or reconsideration of its order based on the discovery that Chavez was pursuing in this action, and also on the "serious questions of comity regarding this Court's ability to manage its case schedules" that would raised by deferring to a contrary ruling issued while the discovery allowed by this Court was pending. *Id.* The Court did not reach Chavez's remaining arguments against preclusion, including the question of whether Chavez is himself a "party" bound by prior decisions in the PAGA action, which courts have generally treated as a form of qui tam claim brought on behalf of state law enforcement agencies. *See id.* at 10; Pl.'s Sur-Sur-Reply (dkt. 57)

at 6–8.[1]

Stellar Inc. and Vincit's present motion for reconsideration addresses only the finality of the state court's order, attaching a newly-obtained transcript showing that the state court did not broadly invite a request for reconsideration based on discovery obtained in this case, but rather denied a request to issue its ruling "without prejudice," and contemplated reconsideration only to the extent it might normally be allowed under California law based on "information through which the exercise of due diligence could not have been previously produced, change in the law or something along that nature." Mot. for Reconsideration (dkt. 64) at 5 (quoting the state court transcript).

The discrepancy between the transcript and Chavez's counsel's previous characterization of the state court's decision is somewhat troubling. Even so, Stellar Inc. and Vincit have not addressed this Court's separate reason for declining to apply issue preclusion—the "serious questions of comity" raised by deferring to an order issued while the discovery that this Court previously allowed was pending. To place that concern within the context of the test for issue preclusion, the Court cannot say that Chavez had "a full and fair opportunity to litigate the issue in the previous action" where Chavez was not granted the opportunity to conduct discovery that this Court already determined was appropriate. *See Wolfson v. Brammer*, 616 F.3d 1045, 1064 (9th Cir. 2010). Accordingly, even assuming for the sake of argument that Stellar Inc. and Vincit can now show that the state court's decision was "final," the outcome of the motion to dismiss would not change. The motion for leave to file a motion for reconsideration is therefore DENIED. The Court once again does not reach Chavez's argument that his status as a representative of the state in the PAGA action insulates him from any preclusive effect in this case.

While not directly relevant to the issue at hand, the Court further notes that even if Chavez were precluded from bringing a claim against these defendants, other potential members of this purported class and collective action—including the three individuals who have thus far filed their consent to join the collective action under the Fair Labor Standards Act—would not be affected by

---

[1] The parties have consented to the undersigned magistrate judge presiding over the case for all purposes pursuant to 28 U.S.C. § 636(c).

2

the state court's decision because they were not parties to that case.

**IT IS SO ORDERED.**

Dated: April 1, 2020

JOSEPH C. SPERO
Chief Magistrate Judge