UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| DAVID CHAVEZ, et al., | |
|---|---|
| Plaintiffs, | Case No. 19-cv-01353-JCS |
| v. | |
| STELLAR MANAGMENT GROUP VII, LLC, et al., | **ORDER DENYING MOTION TO DISMISS**<br>Re: Dkt. No. 84 |
| Defendants. | |

## I.   INTRODUCTION

This is a motion to dismiss a putative collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. Defendants Stellar Management Group, Inc. ("Stellar Inc.") and The Vincit Company, LLC ("Vincit LLC") challenge this Court's jurisdiction over the claims of opt-in Plaintiffs who do not reside in or allege injury in California. The Court has previously denied Defendants' two prior motions to dismiss and found that, while this Court does not have general jurisdiction over Defendants Stellar Inc. and Vincit LLC, it does have specific personal jurisdiction over them as to the claims of Plaintiffs who allegedly worked for Defendants in California. *See* Order Denying Motion to Dismiss (dkt. 28)[1]; Order Denying Renewed Motion to Dismiss (dkt. 63).[2] Since then, several other employees have opted into the putative collective action, including one who worked for Defendants in Lufkin, Texas. Notice of Filing by Bridges (dkt. 61) at 5. Stellar Inc. and Vincit LLC argue that this Court does not have personal jurisdiction over the claims of out-of-state opt-in Plaintiffs. The Court held a hearing on July 17, 2020. For

---

[1] *Chavez v. Stellar Mgmt. Grp. VII, LLC*, No. 19-cv-01353-JCS, 2019 WL 2716292 (N.D. Cal. June 28, 2019)
[2] *Chavez v. Stellar Mgmt. Grp. VII, LLC*, No. 19-cv-01353-JCS, 2020 WL 870919 (N.D. Cal. Feb. 21, 2020)

the reasons discussed below, the motion is DENIED.[3]

## II. BACKGROUND

### A. Procedural History

Plaintiff David Chavez originally brought this action against his former employers, Steller Management Group VII ("Group VII"), Stellar Inc., and Vincit LLC. Compl. (dkt. 1) ¶ 1. He brought FLSA and California state law claims on behalf of a putative collective and putative class of similarly situated employees. *Id*. Each of the Defendants was served with the summons and a copy of the complaint in Chattanooga, Tennessee on March 25, 2019. Proof of Service (dkts. 8, 9, 10).

Group VII filed its Answer on May 6, 2019. Answer (dkt. 17). That same day, Defendants Stellar Inc. and Vincit LLC filed a motion to dismiss for lack of jurisdiction. Mot. to Dismiss (dkt. 18). The Court denied that motion without prejudice. Order Denying Mot. to Dismiss (dkt. 28). Defendants Stellar Inc. and Vincit LLC filed a second motion to dismiss for lack of jurisdiction on November 11, 2019. Renewed Motion to Dismiss (dkt. 45). The Court again denied Stellar Inc. and Vincit LLC's motion. Order Denying Renewed Motion to Dismiss (dkt. 63). In denying the renewed motion, the Court found that, while the Court does not have general jurisdiction over the Tennessee-based Defendants, it does have specific personal jurisdiction over Defendants because Plaintiff Chavez made a prima facie showing that Defendants purposefully directed their activities towards California. *Id*. at 10–12.

In light of a state court decision between Plaintiff Chavez and Defendants, Stellar Inc. and Vincit LLC filed a motion for reconsideration of the Court's dismissal of the renewed motion to dismiss. Motion for Reconsideration (dkt. 64). The Court denied that motion and noted that "even if Chavez were precluded from bringing a claim against these defendants, other potential members of this purported class and collective action—including the three individuals who have thus far filed their consent to join the collective action under the Fair Labor Standards Act—would not be affected by the state court's decision because they were not parties to that case." Order

---

[3] The parties have consented to the undersigned magistrate judge presiding over the case for all purposes pursuant to 28 U.S.C. § 636(c).

Denying Mot. for Reconsideration (dkt. 73) at 2–3. After the Court denied that motion for reconsideration, Stellar Inc. and Vincit LLC answered the original complaint, preserving their argument that the Court lacked personal jurisdiction as an affirmative defense. *See* Stellar Inc. Answer (dkt. 66) at 26 (Fourth Affirmative Defense); Vincit LLC Answer (dkt. 67) at 26 (same).

Plaintiffs then filed the First Amended Complaint ("FAC") (dkt. 83) adding a second named plaintiff: Vincent Slaughter. FAC at 1. Like Plaintiff Chavez, Plaintiff Slaughter is a resident of California and worked for Defendants in California. FAC ¶¶ 11–14. Defendants filed this motion challenging the Court's jurisdiction over the out-of-state putative members of the FLSA collective. Meanwhile, twenty-five putative collective members have filed notices of consent to join the FLSA collective action. *See* Notice of Filing by Valenxia & Johnson (dkt. 95) (listing the putative opt-in plaintiffs as the twenty-fourth and twenty-fifth employees to file consents to join the action). Plaintiffs have not yet moved to certify the FLSA collective or the state law class.

### B. Allegations of the Complaint

In their FAC, named Plaintiffs Chavez and Slaughter bring a putative collective and class action alleging that "Plaintiffs and putative Class members do not receive accurate, itemized wage statements reflecting the hours they actually work and the amount of wages and overtime to which they are entitled and for which they should be compensated." FAC ¶ 5. Further, the FAC alleges that Defendants "fail[ed] to compensate Plaintiff Slaughter and the Collective for all hours worked and, with respect to such hours, fail[ed] to pay the legally mandated overtime premium for such work and/or minimum wage for those Collective members who earned at or near the federal minimum wage." *Id*. ¶ 65. Plaintiffs allege this conduct violated the FLSA. *Id*. Plaintiffs claim Defendants' "operation structure is uniform and standardized throughout [Defendants'] operations. The employment conditions for the non-exempt, hourly employees are substantially similar, if not identical, at QSI work locations throughout the United States, including in California." *Id*. ¶ 31. The named plaintiffs, who are citizens of California, allege that they worked for Defendants in California. *Id*. ¶¶ 3, 11–12. Defendants are all corporate citizens of and headquartered in Tennessee. *Id*. ¶¶ 15–17. According to the FAC, Defendants performed various services in the

State of California. *Id*. at ¶¶ 18–21.

Plaintiffs seek to certify a collective action including:

> [a]ll current and former hourly, non-exempt employees of Stellar Management Group VII, LLC; Stellar Management Group, Inc. d/b/a QSI Quality Service Integrity; The Vincit Company, LLC d/b/a The Vincit Group and Vincit Enterprises in the United States during the time period three years prior to March 13, 2019, until the resolution of this action.

*Id*. ¶ 52. Plaintiffs bring this FLSA action "on Behalf of the Collective." *Id*. at 13. Since the filing of the FAC, several putative collective members have filed notice of opting into the collective action; one such member worked for the Defendants in Texas. Notice of Filing (dkt. 61) at 5.

The FAC also alleges that Defendants violated various California state laws. FAC ¶¶ 6–7. The Plaintiffs bring those claims as a class action on behalf of a putative class consisting only of employees who worked for Defendants in California and assert subject matter jurisdiction under the Class Action Fairness Act ("CAFA"). *Id*. ¶¶ 27, 59. Defendants do not challenge the Court's personal jurisdiction over them with regard to the state law claims in the class action in the present motion to dismiss.

### C.  The Parties' Arguments

Defendants challenge this Court's jurisdiction over Defendants with respect to FLSA claims by opt-in plaintiffs who are not citizens of California and who allege FLSA violations at Defendants' animal processing plants outside of California. The parties' arguments present a single issue: whether the Court has specific personal jurisdiction with respect to claims by non-California plaintiffs who opt into the FLSA action. Defendants contend that this Court does not have personal jurisdiction over the claims of non-California opt-in plaintiffs because of the Supreme Court's ruling in *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017), where the Court held that a California state court did not have personal jurisdiction over claims under California law by plaintiffs in a mass tort action who were not injured in or otherwise connected to California. In response, Plaintiffs point to district court decisions distinguishing *Bristol-Myers* from cases involving the FLSA, including one from a court in this district.

4

## III. ANALYSIS

### A. Legal Standard

#### 1. Standard for Specific Personal Jurisdiction

A party may move for dismissal under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction. The plaintiff bears the burden of establishing personal jurisdiction over the defendant. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). "Where, as here, the motion is based on written materials rather than an evidentiary hearing, 'the plaintiff need only make a prima facie showing of jurisdictional facts.'" *Id.* (quoting *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). "Although the plaintiff cannot simply rest on the bare allegations of its complaint, . . . uncontroverted allegations in the complaint must be taken as true." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (internal quotation marks omitted). "Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Id.*

Personal jurisdiction depends on both substantive law and constitutional due process considerations. "Where . . . there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." *Dole Food Co. v. Watts*, 303 F.3d 1104, 1110 (9th Cir. 2002). As the FLSA is silent as to personal jurisdiction, the Court applies the law of California to determine whether personal jurisdiction exists. *See Aviles v. Kunkle*, 978 F.2d 201, 204 (5th Cir. 1992).[4] "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Dole Food*, 303 F.3d at 1110 (citing Cal. Civ. Proc. Code § 410.10).

"For a court to exercise personal jurisdiction over a non-resident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of

---

[4] Plaintiffs have not argued that the FLSA, by its terms, confers personal jurisdiction on a district court more expansive than the personal jurisdiction of a forum state's courts. *Cf.*, *e.g.*, *Sec. Inv'r Prot. Corp. v. Vigman*, 764 F.2d 1309, 1315 (9th Cir. 1985) (considering personal jurisdiction under the Securities Exchange Act, which authorizes nationwide service of process). This Court therefore follows the Fifth Circuit's conclusion in *Aviles* that it does not, without independently examining that issue sua sponte.

5

jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Id.* at 1110−11 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "In judging minimum contacts, a court properly focuses on 'the relationship among the defendant, the forum, and the litigation.'" *Calder v. Jones*, 465 U.S. 781, 788 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)).

Personal jurisdiction may be either general or specific. *See Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). "Specific jurisdiction . . . depends on an 'affiliatio[n] between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.* (alteration in original; internal citation omitted). Thus, "[i]n contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id.* (internal citation and internal quotation marks omitted).

The Court previously held that neither Vincit LLC nor Stellar Inc. fall within its general personal jurisdiction but that the Court has specific personal jurisdiction over those Defendants at least with respect to claims by a California employee. *See* Order Denying Renewed Motion to Dismiss at 10–11. A court may exercise specific jurisdiction over a non-resident defendant where the following requirements are met:

> (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Dole Food*, 303 F.3d at 1111. The plaintiff bears the burden of satisfying the first two prongs of the test for specific jurisdiction. *Id.* (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable."

1  *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476−78 (1985)).

2  Although both parties acknowledge these general rules, neither has addressed in any detail
3  the often-unstated doctrinal underpinnings of personal jurisdiction in federal courts. Limitations
4  on personal jurisdiction stem not from the subject matter jurisdiction of the courts under Article III
5  of the Constitution, but instead from a defendant's due process rights under the Fifth Amendment
6  in federal court and the Fourteenth Amendment in state court, as well as limitations imposed by
7  rule and statute. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).
8  Much of the case law discussing the contours of general and specific jurisdiction addresses the
9  limitations of state courts under the Fourteenth Amendment. *E.g.*, *Bristol-Myers*, 137 S. Ct. at
10 1779; *Int'l Shoe*, 326 U.S. at 311. The same limitations apply to federal courts in many cases
11 based on Federal Rule of Civil Procedure 4's default rule that a defendant in federal district court
12 is subject to service of process only to the same extent as in the forum state's courts of general
13 jurisdiction. *See Walden v. Fiore*, 571 U.S. 277, 283 ("'Federal courts ordinarily follow state law
14 in determining the bounds of their jurisdiction over persons.' [Citation.] This is because a federal
15 district court's authority to assert personal jurisdiction in most cases is linked to service of process
16 on a defendant 'who is subject to the jurisdiction of a court of general jurisdiction in the state
17 where the district court is located.' Fed. Rule of Civ. Proc. 4(k)(1)(A)."); *Yahoo! Inc. v. La Ligue
18 Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006) (citing Rule 4(k)(1)(A) for
19 the proposition that where "there is no applicable federal statute governing personal jurisdiction,
20 the district court applies the law of the state in which the district court sits"); *Dole Food*, 303 F.3d
21 at 1110 (citing a line of Ninth Circuit cases that ultimately rest on an earlier version of Rule 4).
22 But while the test applied to determine personal jurisdiction is often the same as the Fourteenth
23 Amendment requires in state court, it is imposed on federal courts by the Federal Rules of Civil
24 Procedure's limitations on service of process,[5] not by the Constitution itself. *See Sec. Inv'r Prot.*

---

[5] Rule 82 states that the Federal Rules of Civil Procedure "do not extend or limit the jurisdiction of the district courts." Fed. R. Civ. P. 82. While some courts have found "tension" between Rule 82 and limitations on personal jurisdiction arising from Rule 4(k), *e.g.*, *Mussat v. IQVIA, Inc.*, 953 F.3d 441, 448 (7th Cir. 2020), the Supreme Court held in a 1946 decision that the "jurisdiction" addressed by Rule 82 is *subject matter* jurisdiction, and that the Federal Rules of Civil Procedure may therefore cabin a court's *personal* jurisdiction. *Miss. Pub. Corp. v. Murphree*, 326 U.S. 438,

7

*Corp. v. Vigman*, 764 F.2d 1309, 1315 (9th Cir. 1985) ("The Constitution does not require the federal districts to follow state boundaries.") (quoting *Johnson Creative Arts & Wool v. Masters, Inc.*, 743 F.3d 947, 950 (1st Cir. 1984)). Where Congress has provided by statute for broader service of process than would be allowed in a state court, the relevant constitutional limitation—the Fifth Amendment—requires examining a defendant's contact with the United States as a whole rather than any individual state, and permits personal jurisdiction over any United States citizen or resident. *Id.* at 1315–16.

The Ninth Circuit has also recognized that "a court may assert pendent personal jurisdiction over a defendant with respect to a claim for which there is no independent basis of personal jurisdiction so long as it arises out of a common nucleus of operative facts with a claim in the same suit over which the court does have personal jurisdiction." *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004). Whether to exercise such jurisdiction is at the discretion of the district court. *Id.*

### 2. FLSA Collective Actions

The FLSA itself does not provide the procedure by which a collective is certified. *See Campbell v. City of Los Angeles*, 903 F.3d 1090, 1100 (9th Cir. 2018) ("[M]uch of collective action practice is a product of interstitial judicial lawmaking or ad hoc district court discretion."). The statute, in relevant part, provides only as follows: "An action to recover the liability prescribed in the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). Employees who are similarly situated to the named plaintiffs file opt-in forms to join the collective, thereby becoming opt-in plaintiffs. *Campbell*, 903 F.3d at 1101 ("A collective action is instituted when workers join a collective action complaint by filing opt-in forms with the district

---

444–46 (1946).

court.") (citing *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013)).

The Ninth Circuit summarized in *Campbell* how district courts proceed with collective FLSA actions:

> [I]t is now the near-universal practice to evaluate the propriety of the collective mechanism—in particular, plaintiffs' satisfaction of the "similarly situated" requirement—by way of a two-step "certification" process. As this process most often functions, plaintiffs will, at some point around the pleading stage, move for "preliminary certification" of the collective action, contending that they have at least facially satisfied the "similarly situated" requirement. Later, after the necessary discovery is complete, defendants will move for "decertification" of the collective action on the theory that the plaintiffs' status as "similarly situated" was not borne out by the fully developed record.

*Id*. at 1100 (internal citations and footnotes omitted). "Preliminary certification in the FLSA context does not produce a class with an independent legal status[ ] or join additional parties to the action. The sole consequence of a successful motion for preliminary certification is the sending of court-approved written notice to workers who may wish to join the litigation as individuals." *Id.* at 1101 (quoting *Symczyk*, 569 U.S. at 75) (internal quotation marks omitted; alteration in original).

In *Campbell*, the Ninth Circuit held that "[t]he FLSA leaves no doubt that 'every plaintiff who opts in to a collective action has party status.'" *Id.* at 1104 (quoting *Halle v. W. Penn Allegheny Health Sys. Inc.*, 842 F.3d 215, 225 (3d Cir. 2016)). The Ninth Circuit analogized FLSA collective actions to mass actions rather than Rule 23 class actions because each plaintiff, named or opt-in, has equal status as a full party. *Id*. ("[T]he result of joining the collective is the same status in relation to the claims of the lawsuit as [that held by] the [original] named plaintiffs." (quoting *Prickett v. DeKalb County*, 349 F.3d 1294, 1297 (11th Cir. 2003)) (internal quotation marks omitted)). Accordingly, all plaintiffs in an FLSA action, be they named or opt-in, are treated alike. *Id*.

### 3. Applying *Bristol-Myers* to FLSA Collective Actions

In *Bristol-Myers Squibb v. Superior Court*, the Supreme Court considered the issue of whether a California state court could exercise jurisdiction in a mass tort action based on the drug Plavix over defendants as to the claims of plaintiffs who were not injured in California or whose

claims otherwise had no connection to California. 137 S. Ct. 1773. The Court held that it could not. The Court looked to its past decisions on specific personal jurisdiction: "For specific jurisdiction, a defendant's general connections with the forum are not enough. As we have said, '[a] corporation's continuous activity of some sorts within a state . . . is not enough to support the demand that the corporation be amenable to suits unrelated to that activity.'" *Id*. at 1781 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 931 n.6 (2011)) (alteration and omission in original) (internal quotation marks omitted). The Court held that, because "the nonresidents were not prescribed Plavix in California, did not purchase Plavix in California, did not ingest Plavix in California, and were not injured by Plavix in California," *id*. at 1781, the California state court did not have personal jurisdiction over the defendant with respect to those plaintiffs' claims. *Id*. at 1782. The Court noted that its decision did not address "the question whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court." *Id.* at 1784 (citing *Omni Capital*, 484 U.S. at 102 n.5).

District courts are divided on the issue of whether the rule articulated in *Bristol-Myers* applies to FLSA collective actions. One group of cases follows the approach in *Swamy v. Title Source, Inc.* and find that *Bristol-Myers* is confined to mass actions and therefore is not applicable to representative actions like those brought under the FLSA. *See Swamy*, No. C 17-01175 WHA, 2017 WL 5196780, at *2 (N.D. Cal. Nov. 10, 2017). In *Swamy*, the district court found:

> Congress created a mechanism for employees to bring their claims on behalf of other employees who are "similarly situated," and in no way limited those claims to in-state plaintiffs. 29 U.S.C. 216(b). Thus, our circumstances are far different from those contemplated by the Supreme Court in *Bristol-Myers*. The result of the rule Title Source urges would be that each putative collective member not residing in either the state where the suit is brought, or a state where the defendant is domiciled, could not be part of the collective action. This would splinter most nationwide collective actions, trespass on the efficacy of FLSA collective actions as a means to vindicate employees' rights. This result is not mandated by *Bristol-Myers* and this order declines to extend *Bristol-Myers* in the manner Title Source urges.

*Id*.

A second group of cases follows the reasoning of the district court in *Maclin v. Reliable Reports of Texas, Inc.*, which declined to exercise jurisdiction over actions that were not related to

10

the forum state. 314 F. Supp. 3d 845, 849 (N.D. Ohio 2018). The district court found *Bristol-Myers*' analysis of the Fourteenth Amendment indistinguishable from the Fifth Amendment analysis in federal court and held that *Bristol-Myers* applies to FLSA actions.[6] *Id.* at 850.

As of the date of this order, thirteen district courts have held that *Bristol-Myers* does not apply to FLSA collective actions. *See Thomas v. Kellogg Co.*, No. 13-5136RBL, 2017 WL 5256634, at *1 (W.D. Wash. Oct. 17, 2017); *Swamy*, 2017 WL 5196780; *Hickman v. TL Transportation, LLC*, 317 F. Supp. 3d 890, 899 n.2 (E.D. Pa. 2018); *Garcia v. Peterson*, 319 F. Supp. 3d 863, 880 (S.D. Tex. 2018); *Seiffert v. Qwest Corp.*, No. CV-18-70-GF-BMM 2018 WL 6590836, at *4 (D. Mont. Dec. 14, 2018), *motion to certify appeal denied*, 2019 WL 859045 (D. Mont. Feb. 22, 2019); *Hunt v. Interactive Med. Specialists, Inc.*, No. 1:19-CV-13, 2019 WL 6528594, at *3 (N.D. W. Va. Dec. 4, 2019); *Gibbs v. MLK Express Servs., LLC*, No. 2:18-CV-434-FtM-38MRM, 2019 WL 1980123, at *16 (M.D. Fla. Mar. 28, 2019), *report and recommendation adopted in part, rejected in part*, 2019 WL 2635746 (M.D. Fla. June 27, 2019); *Mason v. Lumber Liquidators, Inc.*, No. 17-CV-4780 (MKB), 2019 WL 2088609, at *6 (E.D.N.Y. May 13, 2019), *aff'd*, No. 17-CV-4780 (MKB) (RLM), 2019 WL 3940846 (E.D.N.Y. Aug. 19, 2019); *Meo v. Lane Bryant, Inc.*, No. CV-18-6360JMAAKT, 2019 WL 5157024 (E.D.N.Y. Sept. 30, 2019); *Turner v. Concentrix Servs., Inc.*, No. 1:18-CV-1072, 2020 WL 544705, at *3 (W.D. Ark. Feb. 3, 2020); *Warren v. MBI Energy Servs., Inc.*, No. 19-CV-00800-RM-STV, 2020 WL 937420, at *6 (D. Colo. Feb. 25, 2020); *Aiuto v. Publix Super Markets, Inc.*, No. 1:19-CV-04803-LMM, 2020 WL 2039946, at *5 (N.D. Ga. Apr. 9, 2020); *Hammond v. Floor & Decor Outlets of Am., Inc.*, No. 3:19-CV-01099, 2020 WL 2473717, at *15 (M.D. Tenn. May 13, 2020); *Waters v. Day & Zimmermann NPS, Inc.*, No. CV-19-11585-NMG, 2020 WL 2924031, at *4 (D. Mass. June 2, 2020).

Eleven courts have found the opposite. *See Maclin*, 314 F. Supp. 3d at 850-51; *Roy v.*

---

[6] Several district courts that cite *Maclin* do not apply its Fifth Amendment analysis, but nevertheless cite its reasoning applying *Bristol-Myers* to FLSA collective actions. *See, e.g.*, *Roy v. FedEx Ground Package Sys., Inc.*, 353 F. Supp. 3d 43, 60–61 n.5 (D. Mass. 2018) ("One court has concluded that the principles set forth in *Bristol-Myers* preclude personal jurisdiction over out-of-state unnamed plaintiffs in an FLSA collective action." (citing *Maclin*, 314 F. Supp. 3d at 850–51)).

11

*FedEx Ground Package Sys., Inc.*, 353 F. Supp. 3d 43, 53 (D. Mass. 2018); *Turner v. Utiliquest, LLC*, No. 3:18-cv-00294 (M.D. Tenn. July 16, 2019); *Rafferty v. Denny's, Inc.*, No. 5:18-cv-2409, 2019 WL 2924998, at *7 (N.D. Ohio July 8, 2019); *Szewczyk v. United Parcel Service, Inc.*, No. 19-1109; 2019 WL 5423036, at *8 (E.D. Pa. Oct. 22, 2019); *Chavira v. OS Rest. Servs., LLC*, No. 18-CV-10029-ADB, 2019 WL 4769101, at *5 (D. Mass. Sept. 30, 2019); *Pettenato v. Beacon Health Options, Inc.*, 425 F. Supp. 3d 264, 280 (S.D.N.Y. 2019); *Canaday v. Anthem Cos., Inc.*, No. 1:19-CV-01084STAJAY, 2020 WL 529708, at *5 (W.D. Tenn. Feb. 3, 2020); *Vallone v. CJS Sols. Grp., LLC*, 437 F. Supp. 3d 687, 691 (D. Minn. 2020); *Camp v. Bimbo Bakeries USA, Inc.*, No. 18-CV-378-SM, 2020 WL 1692532, at *7 (D.N.H. Apr. 7, 2020); *White v. Steak N Shake Inc.*, No. 4:20-CV-323 CDP, 2020 WL 1703938, at *1 (E.D. Mo., Apr. 8, 2020).

### B. Defendants May Raise This Issue in a Motion to Dismiss Before the Collective Action Has Been Officially Certified

Even though Plaintiffs have not yet filed a motion asking the Court to certify the FLSA collective, Defendants may raise their challenge the Court's personal jurisdiction over the claims of putative members of the collective action. Plaintiffs' argument that ruling on the personal jurisdiction at this stage is "speculative," Opp'n at 4 n.1, is not persuasive because at least one putative collective member has opted in based on a claim that occurred outside of California. Notice of Filing by Steven Bridges at 5 (certifying that he worked for Defendants in Lufkin, Texas); *Campbell*, 903 F.3d at 1101 (stating that a "collective action is instituted when workers join a collective action complaint by filing opt-in forms with the district court," regardless of whether the court has addressed certification). Plaintiffs have not cited any authority stating that it is impermissible to bring a motion under Rule 12(b)(2) challenging personal jurisdiction in an FLSA action once opt-in notifications have begun to arrive, as is the case here. The Court holds that Defendants have properly raised their jurisdictional challenge and proceeds to the merits of the motion.

### C. *Bristol-Myers* Does Not Apply to Federal Courts Applying Federal Law

This Court has already considered whether *Bristol-Myers* applies to federal courts applying federal law and found that it does not. In *Pascal v. Concentra, Inc.*, this Court considered whether

12

1  to dismiss class members who did not live in California or have claims connected to California
2  from a Rule 23 class action; the undersigned "conclude[ed] that *Bristol-Myers* does not apply in
3  this case because Plaintiff asserts his claim in a federal court and under federal law." No. 19-CV-
4  02559-JCS, 2019 WL 3934936, at *5 (N.D. Cal. Aug. 20, 2019) (citing *Sloan v. Gen. Motors
5  LLC*, 287 F. Supp. 3d 840 (N.D. Cal. 2018)). Consistent with that opinion, the Court finds that
6  *Bristol-Myers* does not apply to divest it of jurisdiction in this FLSA collective action.

   Because this Court holds that *Bristol-Myers* does not apply to federal courts and federal laws, it joins the list of courts following *Swamy* and holds that *Bristol-Myers* does not apply to FLSA claims brought in federal court. The Court also follows district courts that have applied *Sloan* and finds that the federalism concerns that drove the Supreme Court in *Bristol-Myers* are absent in this case. *See In re Packaged Seafood Prod. Antitrust Litig.*, 338 F. Supp. 3d 1118, 1173 (S.D. Cal. 2018) (acknowledging *Bristol-Myers* and following the federalism reasoning in *Sloan* and exercising pendent personal jurisdiction over claims in a federal antitrust claim); *In re Takata Airbag Prod. Liab. Litig.*, 396 F. Supp. 3d 1101, 1136 (S.D. Fla. 2019) (applying *Sloan* to absent Rule 23 class members in a RICO claim)[7]; *but see Monterey Bay Military Hous., LLC v. Ambac Assurance Corp.*, No. 17-CV-04992-BLF, 2019 WL 4888693, at *23 (N.D. Cal. Oct. 3, 2019) (declining to exercise pendent personal jurisdiction in a case which the court analogized to a mass action rather than a class action, but acknowledging that pendent personal jurisdiction is left to the discretion of the district court). Accordingly, Defendants' motion to dismiss is denied.

---

[7] *In re Packaged Seafood* and *In re Takata Airbag* suggest that pendent jurisdiction is proper when a statute authorizes nationwide service of process. *See Packaged Seafood*, 338 F. Supp. 3d at 1173 ("This Court joins in the reasoning of *Muir* [*v. Nature's Bounty (DE), Inc.*, No. 15 C 9835, 2018 WL 3647115, at *4 (N.D. Ill. Aug. 1, 2018)] and *Sloan* and finds that pendent personal jurisdiction may be exercised where, as here, a federal statute provides for nationwide service of process."); *Takata Airbag*, 396 F. Supp. 3d. at 1137 (citing *Azalp LLC v. Silverstein*, No. 14-10079-CIV-MARTINEZ-GOODMAN, 2015 WL 12711232, at *5 (S.D. Fla. Aug. 17, 2015) (noting the doctrine of pendent personal jurisdiction arises "where a federal statute authorizes nationwide service of process and the federal and state claims 'derive from a common nucleus of operative facts'")). As explained in Note 4, *supra*, the Court does not reach whether the FLSA, which is silent as to nationwide service of process, impliedly allows such service. The Court need not address this issue to resolve this case because Defendants have not argued that service was improper. In addition, the Court does not understand *Sloan* or *Action Embroidery* to require that a statute must explicitly provide for nationwide service of process for the district court to exercise pendent jurisdiction.

### 1. *Sloan* and Pendent Jurisdiction of Out-of-State Parties

In finding that *Bristol-Myers* did not apply to federal courts in *Pascal*, the Court looked to the reasoning of another court in this district in *Sloan*, 287 F. Supp. 3d 840, *order clarified*, No. 16-cv-07244-EMC, 2018 WL 1156607 (N.D. Cal. Mar. 5, 2018), *and on reconsideration*, 438 F. Supp. 3d 1017 (N.D. Cal. 2020). In *Sloan*, the district court was confronted with a Rule 23 class action with multiple named plaintiffs, the majority of whom were not residents of California or asserting claims arising out of conduct in California.[8] *Id*. at 850. The defendant argued that the district court did not have jurisdiction over the non-California named plaintiffs' claims because of the Supreme Court's ruling in *Bristol-Myers. Id*. (citing *Bristol-Myers*, 137 S. Ct. 1773). The court noted "that the out-of-state plaintiffs have not shown an independent relationship between their claims under the laws of Illinois, New York, Washington, and Oregon, and Defendant's contacts with the State of California which could satisfy *Bristol-Myers*." *Id*. at 857–58. However, the court found that it had personal jurisdiction over the claims of the non-California named plaintiffs for two reasons: *Bristol-Myers* does not apply to federal courts and the court could exercise pendent jurisdiction over the non-California plaintiffs.[9]

First, the court held that *Bristol-Myers* did not apply to federal courts because the federalism concerns that animated the Supreme Court's decision in that case did not apply. *Id*. at 858 (citing *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, n.10 (1982)). It found:

> In contrast to *Bristol-Myers*, the due process right does not obtain here in the same manner because all federal courts, regardless of where they sit, represent the same federal sovereign, not the sovereignty of

---

[8] Under *Campbell*, opt-in members of an FLSA collective action are more similar to named plaintiffs bringing their own claims than to absent class members in a Rule 23 class action. Because *Sloan* addressed jurisdiction over claims by out-of-state named plaintiffs rather than absent class members, however, the fact that the plaintiffs there also sought to certify a class under Rule 23 does not distinguish *Sloan*'s analysis from the case at hand.

[9] On reconsideration at a later stage of the case where the plaintiffs asserted only diversity jurisdiction under 28 U.S.C. § 1332 with no basis for federal question jurisdiction, the *Sloan* court ultimately held that it lacked personal jurisdiction as to claims by out-of-state plaintiffs because "nearly every court considering the issue has concluded pendent party jurisdiction cannot be exercised by a federal court sitting in diversity." 438 F. Supp. 3d at 1019, 1021. Here, however, the Court has federal question jurisdiction under 28 U.S.C. § 1331 based on Plaintiffs' federal FLSA claim and is not subject to that limitation.

> a foreign state government. There is no risk of a state court exceeding the bounds of its state's sovereignty and subjecting residents of another state to the coercing power of its courts. Therefore, **where a federal court presides over litigation involving a federal question, the due process analysis does not incorporate the interstate sovereignty concerns that animated *Bristol-Myers*** and which may be "decisive" in a state court's analysis. *Id*. Without those interstate federalism concerns, the due process analysis falls back on whether "the maintenance of the suit . . . offend[s] 'traditional notions of fair play and substantial justice,' " *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted), which itself focuses on **the burden on the defendant (other than a concern about subjecting it to the power of a foreign sovereign).**

*Id*. at 958–59 (internal citations and footnotes omitted) (emphasis added).

Second, the court in *Sloan* found pendent jurisdiction over the claims by the out of state plaintiffs. To address the second and third prongs of *International Shoe*, the *Sloan* court turned to the Ninth Circuit's decision in *Action Embroidery*, 368 F.3d 1174, which held that "[w]hen a defendant must appear in a forum to defend against one claim, it is often reasonable to compel that defendant to answer other claims in the same suit arising out of a common nucleus of operative facts." *Id*. at 860 (quoting *Action Embroidery*, 368 F.3d at 1181). In summary, "*Action Embroidery* holds that a claim that itself lacks an independent connection to the federal [district court] forum nevertheless may have a sufficient nexus for purposes of the personal jurisdiction analysis if it arises out of a common nucleus of operative facts with other claims properly before the court." *Id*. Although *Action Embroidery* approved pendent jurisdiction over claims by those plaintiffs who had other claims falling within the court's personal jurisdiction, rather than over claims by additional plaintiffs, the district court in *Sloan* construed the Ninth Circuit's pendent jurisdiction analysis in *Action Embroidery* as "focused on whether the new *claims* arose out of the same nucleus of operative facts, not whether the claims belonged to the same plaintiffs." *Id*. (citing *Action Embroidery*, 368 F.3d at 1181).

### 2. Pendent Jurisdiction Over FLSA Opt-In Plaintiffs

As described above, the Court agrees with the decision in *Sloan* that *Bristol-Myers* does not apply to FLSA claims. Moreover, adopting the district court's reasoning in *Sloan*, this Court finds that it may exercise pendent jurisdiction over the claims of opt-in Plaintiffs that arose in states other than California. The district court in *Sloan* considered the claims of multiple named

plaintiffs, each of whom had party status like that which the Ninth Circuit recognized as attaching to FLSA opt-in plaintiffs in *Campbell*. Here, as in *Sloan*, the opt-in Plaintiffs' claims arise from the same common nucleus of operative fact as the named in-state Plaintiffs. The Court's exercise of pendent jurisdiction over the opt-in Plaintiffs' claims against the Defendants is therefore appropriate.

The FAC indicates that the named Plaintiffs bring claims "on behalf of themselves and other similarly situated individuals who have worked for" Defendants. FAC ¶ 1. According to the FAC, the Defendants' employment practices are "uniform and standardized throughout [Defendants'] operations." *Id.* ¶ 31. Plaintiffs allege that "at all relevant times QSI's employment policies and practices have been substantially the same for Plaintiffs and the putative Class and Collective members, regardless of location throughout the United States, including in California." *Id.* ¶ 38. The FAC alleges that all Plaintiffs were not paid for all the hours they worked, including overtime wages. *Id.* ¶ 52. The FAC alleges that Defendants violated the FLSA in the same way against all Plaintiffs and that they had a uniform policy of doing so. *Id.* Based on these pleadings, the Court concludes that the claims of the California Plaintiffs and the out-of-state Plaintiff share a common nucleus of operative fact. Because the Court may properly exercise specific personal jurisdiction over the claims of the California Plaintiffs against Defendants, the Court may exercise pendent jurisdiction over the claims by the out-of-state opt-in Plaintiffs.

The Court will exercise pendent jurisdiction here, because that course of action will best serve the interests of "judicial economy, avoidance of piecemeal litigation, and overall convenience of the parties." 368 F.3d at 1181. First, the Court can facilitate judicial efficiency and avoid piecemeal litigation by not requiring Plaintiffs to bring individual claims in each state where an opt-in Plaintiff works for Defendants. In fact, the goals that the Ninth Circuit articulated in adopting pendent jurisdiction comport with the goals of the FLSA. *Compare id. with Prickett*, 349 F.3d at 1297 ("Congress' purpose in authorizing § 216(b) class actions was to avoid multiple lawsuits where numerous employees have allegedly been harmed by a claimed violation or violations of the FLSA by a particular employer."). The most efficient resolution to this controversy is to try these claims against Defendants together.

16

1       While Defendants are correct that a nationwide action would still be *possible* in
2  Defendants' home state of Tennessee even if this Court lacked personal jurisdiction over out-of-
3  state opt-ins, the fact remains that California employees filed this action in California, and would
4  be entitled to pursue their claims here regardless of the outcome of the present motion.  Since any
5  given employee seeking to file an FLSA claim against their multi-state employer would generally
6  have little incentive (and, likely, inadequate resources) to litigate in the employer's home state
7  rather than their own, declining to exercise pendent personal jurisdiction in a case like this one
8  would, as a practical matter, still tend to result in scattered and redundant single-state actions.

9       In addition, it does not unreasonably inconvenience Defendants to subject them to a
10 nationwide action for allegedly violating a nationwide statute.  *See Swamy*, 2017 WL 5196780, at
11 *5 ("Congress created a mechanism for employees to bring their claims on behalf of other
12 employees who are 'similarly situated,' and in no way limited those claims to in-state plaintiffs.")
13 (citing 29 U.S.C. § 216(b)); *see also Meo v. Lane Bryant, Inc.*, 2019 WL 5157024 at *12 ("As a
14 remedial statute, Congress intended for nationwide FLSA collective actions.").  Defendants will
15 already be litigating the California Plaintiffs' claims in this Court and have not articulated any
16 inconvenience that would result from allowing out-of-state employees to opt in as plaintiffs here
17 rather than filing new cases that Defendants would be forced to litigate in other states.  To the
18 extent Defendants could show such inconvenience, it is outweighed by the inconvenience to
19 employees that would result from limiting the statutory right to opt into an existing FLSA case to
20 actions filed in either the employer's or that employee's home state.

21      The considerations of economy, efficiency, and convenience identified by the Ninth
22 Circuit in *Action Embroidery* therefore support exercising pendent personal jurisdiction over the
23 opt-in Plaintiffs' claims against Defendants, and as discussed in *Sloan*, the federalism concerns
24 underlying *Bristol-Myers* do not prevent this federal court from exercising such jurisdiction over
25 claims under federal law.
26 //
27 //
28 //

17

## IV. CONCLUSION

For the reasons stated above, Stellar Inc. and Vincit LLC's motion to dismiss for lack of personal jurisdiction is DENIED.

**IT IS SO ORDERED.**

Dated: August 5, 2020

JOSEPH C. SPERO
Chief Magistrate Judge