Carolyn H. Cottrell (SBN 166977)
Ori Edelstein (SBN 268145)
Michelle S. Lim (SBN 315691)
**SCHNEIDER WALLACE
COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile:  (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
mlim@schneiderwallace.com

*Attorneys for Plaintiffs and the
Settlement Class and Collective*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID CHAVEZ and VINCENT SLAUGHTER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>STELLAR MANAGEMENT GROUP VII, LLC; STELLAR MANAGEMENT GROUP, INC. d/b/a QSI QUALITY SERVICE INTEGRITY; THE VINCIT COMPANY, LLC d/b/a  THE VINCIT GROUP and VINCIT ENTERPRISES,<br><br>Defendants. | Case No.:  3:19-cv-01353-JCS<br><br>Hon. Joseph C. Spero<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT**<br><br>Date:          March 18, 2022<br>Time:          9:30 a.m.<br>Courtroom:  G, 15th Floor<br><br><br>Filed: March 13, 2019<br>Trial Date: None |

The Motion for Final Approval of Settlement filed by Plaintiffs David Chavez and Vincent Slaughter ("Plaintiffs") in this action (the "Action"), came on for remote hearing on March 18, 2022 at 9:30 a.m., by remote videoconference via the online platform Zoom, in Courtroom G, 15th Floor, of the above captioned court, the Honorable Joseph C. Spero presiding.

Upon consideration of Plaintiffs' Motion for Final Approval of Settlement ("Motion") seeking final Court approval of the parties' settlement of this Action on the terms set forth in the Class Action Settlement Agreement and Release, including its First, Second, and Third Amendments, filed at ECF 134-2, 141-1, 147-1, and 153-1 (together, "Settlement Agreement"), and having reviewed and considered the terms and conditions of the proposed settlement as set forth in the Settlement Agreement and the terms of which are incorporated in this Order; and no opposition to the Motion having been submitted; and the Court having jurisdiction to consider the Motion and the relief requested therein, and venue being proper before the Court; and due and proper notice of the Motion having been provided; and upon the hearing on the Motion and after due deliberation, and good and sufficient cause appearing therefore;

**THE COURT MAKES THE FOLLOWING FINDINGS AND ORDERS:**

1.    Capitalized terms used in this Order that are not otherwise identified herein have the meaning assigned to them in the Settlement Agreement.

2.    The Court has jurisdiction over the claims of the Rule 23 Class Members and Collective Members asserted in this proceeding and over all Parties to the action.

3.    The parties litigated this case for close to three years.  During the course of the litigation, the Court became very familiar with the claims, defenses, competing facts and legal theories presented by the parties, as well as the work of counsel in presenting them.  Among other things, the Court considered and decided multiple pleadings motions and discovery disputes.  These motions presented complex, difficult and sometimes novel issues for the parties to develop and the Court to resolve.  They also evidenced that the parties conducted extensive discovery, depositions, and investigation to support and vet their positions during the course of the case. Through lengthy arms-length negotiations and this Court's guidance, the parties have prepared and revised the Settlement Agreement at issue.

4.      With this history, the Court has now considered Plaintiffs' motion for final approval of the proposed settlement by weighing the strength of the case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; and the extent of discovery completed, among other factors. *See Chun-Hoon v. McKee Foods Corp.,* 716 F.Supp.2d 848, 850-51 (N.D. Cal. 2010) (quoting *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1291 (9th Cir. 1992)).  The Court concludes based on these factors, as well as the terms of the settlement itself and the history of the lengthy arms-length negotiations that resulted in an agreement of these terms, that the settlement is "fair, adequate, and reasonable." *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003).

5.      The Court also finds, for purposes of settlement, that the requirements of Rule 23(a) of the Federal Rules of Civil Procedure are satisfied for the Rule 23 Settlement Class:  (1) the Class is sufficiently numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the Class; (3) the claims or defenses of Plaintiffs are typical of the claims or defenses of the Class Members; and (4) Plaintiffs will fairly and adequately protect the interests of the Class Members.

a.      **Numerosity**:  Plaintiffs meet the criteria of Rule 23(a)(1) of the Federal Rules of Civil Procedure because there are approximately 1,901 class members, making joinder impractical.  Additionally, these class members are ascertainable through Defendants' records.

b.      **Common Questions**: Plaintiffs meet the criteria of Rule 23(a)(2) because the Class claims turn upon answers to overarching common questions regarding Defendants' policies and procedures that are capable of class-wide resolution for settlement purposes.  The Court finds that for settlement purposes, the common questions raised by Class Members, include: whether, *inter alia*, Sanitation Workers were required to – and should be paid for – unrecorded off the clock work, including time spent donning and doffing personal protective equipment; whether such donning and doffing time spent during meal and rest breaks were required and renders such breaks on-duty, untimely, or cut short; and whether Sanitation Workers were required to purchase items for work and should be reimbursed for such purchases.

c.      **Typicality**:  Plaintiffs meet the criteria of Rule 23(a)(3) for settlement

purposes because the claims of the Class Representatives are typical of the claims of the Rule 23 Settlement Class in that all their claims are based on the same Defendants' policies and legal theories, and Plaintiffs were subject to and allege they were harmed by the same polices as other Rule 23 Settlement Class Members.

d.    **Adequacy**: Plaintiffs meet the criteria of Rule 23(a)(4) because the named Plaintiffs are adequate class representatives in that they do not have any conflicts with the class, are committed to representing the interests of the members of the class, and are represented by counsel with extensive experience and expertise in class action litigation, including wage-and-hour class actions.

6.    The Court finds, for purposes of settlement only, that the requirements of Rule 23(b)(3) of the Federal Rules of Civil Procedure are met because there are common questions of fact and law regarding Defendants' policies and procedures, including those identified above, that in the context of a settlement, predominate over any individual issues.  Moreover, a class action settlement is superior to other available methods for the fair and efficient adjudication of the controversy because the injury suffered by each member of the Class, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendants economically feasible, and the class action settlement device provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

7.    The Court finds that the terms of the Settlement are within the range of approval, pursuant to Rule 23 of the Federal Rules of Civil Procedure and applicable law. The Court finds that: (1) the settlement amount is fair and reasonable as to the Rule 23 Class Members when balanced against the probable outcome of further litigation relating to class certification, liability and damages issues, and potential appeals; (2) significant discovery, investigation, research, and litigation have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (4) the proposed Settlement has been reached as the result of intensive, serious, and non-collusive negotiations between the Parties. Accordingly, the Court finds that the Settlement was entered into in good faith

1    with respect to the California Class.

2        8.    For purposes of settlement only, the Rule 23 Settlement Class is certified pursuant to

3    Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure as a class action on behalf of the

4    Class, defined as follows: "Plaintiffs and all individuals employed by Defendants in a Covered

5    Position in the State of California at any time from March 13, 2015 through and including December

6    31, 2020."

7        9.    For the purpose of facilitating the settlement, the Court designates Plaintiffs David

8    Chavez and Vincent Slaughter, as the Class Representatives. Also, for the purpose of facilitating

9    the settlement, the Court designates Carolyn H. Cottrell, Ori Edelstein, and Michelle S. Lim of

10   Schneider Wallace Cottrell Konecky LLP as Class Counsel.

11       10.   The Court finds that no class member has objected to the settlement or the motion for

12   attorneys' fees and costs, that no class member has disputed his or her workweeks for calculating

13   the settlement awards, and that no class member has requested to opt out of the settlement.

14       11.   The Court finds that due and proper notice of the Settlement was provided to all Rule

15   23 Settlement Class Members, including notice of the right to object to the proposed Settlement,

16   the right to object to Class Counsel's application for attorneys' fees and costs, the right to appear in

17   person or by counsel at the Fairness Hearing and be heard and the right to Opt Out. The Court finds

18   that the notice provided was the best means of providing notice to the Class Members under the

19   circumstances. The Court further finds that it was due and sufficient notice of the Settlement and

20   the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement or the

21   Fairness Hearing, in full compliance with the requirements of due process and Federal Rule of Civil

22   Procedure 23(c)(2)(B), (e)(1), and (h)(1). The Court further finds that the Notice of Settlement fully

23   and accurately informed the Rule 23 Class Members of all material elements of the proposed

24   Settlement, of their right to be excluded from the Settlement, and of their right and opportunity to

25   object to the Settlement. A full opportunity has been afforded to the Rule 23 Class Members to

26   participate in this hearing and all Rule 23 Class Members and other persons wishing to be heard

27   have been heard. Accordingly, the Court determines that all Rule 23 Class Members, since none

28   timely and properly executed a request for exclusion, are bound by this Order and the Judgment.

12.    The Court hereby makes final its earlier conditional certification of the FLSA Settlement Collective, in accordance with the Settlement, for purposes of this Settlement only. The FLSA Settlement Collective is defined as follows: "all individuals employed by Defendants in a Covered Position anywhere in the United States of America at any time from March 13, 2016 through and including December 31, 2020." In turn, Opt-In Plaintiffs are "Plaintiff Slaughter, all Collective Members that filed a consent form to join this Action prior to preliminary approval, and all additional Collective Members who opt in to the Action and consent to the terms of the Settlement by negotiating their Settlement Award check."

13.    The Court hereby confirms its approval of the terms and conditions contained in the Settlement as to the Collective of Opt In Plaintiffs as set forth in its September 27, 2021Order. See ECF 154. The Court has already found that the terms of the Settlement represent a fair and reasonable resolution of a *bona fide* dispute, and are within the range of possible approval, pursuant to the FLSA and applicable law.

14.    The Court finds that: (1) the settlement amount is fair and reasonable as to the Collective when balanced against the probable outcome of further litigation relating to collective decertification, liability and damages issues, and potential appeals; (2) significant discovery, investigation, research, and litigation have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (4) the proposed Settlement has been reached as the result of intensive, serious, and non-collusive negotiations between the Parties. Accordingly, the Court finds that the Settlement was entered into in good faith with respect to the Collective.

15.    The Court further finds that the Notice of Settlement fully and accurately informed the Collective Members of all material elements of the Settlement. Accordingly, the Court determines that all Collective Members who submit timely opt-ins are bound by this Order and the Judgment.

16.    The Court approves the PAGA Payment to the Labor and Workforce Development Agency ("LWDA") for Plaintiffs' claims pursuant to the California Private Attorney General Act

of 2004.

(as reduced in the Court's separate order)

17. By separate orders, the Court finds that the award of Plaintiffs' attorneys' fees and ^ costs is fair, reasonable and appropriate, and approves the service awards as well.

18. The Court approves payment to the Settlement Administrator, Kroll Settlement Administration LLC f/k/a Heffler Claims Group ("Kroll"), of $81,361.00 out of the Gross Settlement Amount, based on the supplemental declaration of Scott M. Fenwick verifying the administrator's reasonable costs in fulfilling the settlement administration in this case.

19. The Court finds that the terms of the Settlement Agreement are fair, reasonable, and adequate and are hereby approved on a final basis pursuant to Federal Rule of Civil Procedure 23(e). Specifically, the Court approves in full the Settlement Agreement. The Parties shall comply with and implement the Settlement Agreement according to its terms.

20. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of the Settlement Agreement or this Order.

21. Accordingly, good cause appearing, the Court hereby approves following implementation schedule:

| | |
|---|---|
| Effective Date | The latest of the following dates: (i) if there are one or more objections to the settlement that are not subsequently withdrawn, then the date after the expiration of time for filing a notice of appeal of the Court's Final Approval Order, assuming no appeal or request for review has been filed; (ii) if there is a timely objection and appeal by one or more objectors, then the date after such appeal or appeals are terminated (including any requests for rehearing) resulting in the final judicial approval of the Settlement; or (iii) if there are no timely objections to the settlement, or if one or more objections were filed but subsequently withdrawn before the date of Final Approval, then the first business day after the Court's order granting Final Approval of the Settlement is entered |
| Deadline for Kroll to calculate the employer share of taxes and provide Defendants with the total amount of Defendants' Payroll Taxes | Within 5 business days after final Settlement Award calculations are approved |

| | |
|---|---|
| Deadline for Kroll to make payments under the Settlement to Participating Individuals, the LWDA, Class Representatives, Plaintiffs' counsel, and itself | Within 30 days after the Effective Date or as soon as reasonably practicable |
| Deadline for Kroll to send a reminder letter via U.S. mail and, if applicable, email to those Participating Individuals that have not cashed their settlement check | 90 days before the check-cashing deadline |
| Deadline for Kroll to place a call to Participating Individuals that have not cashed their settlement check, to promptly attempt to obtain a valid mailing addresses for such individuals, and to send second checks to such individuals | 60 days before the check-cashing deadline |
| Check-cashing deadline | 180 days after issuance |
| Deadline for Kroll to tender uncashed check funds to cy pres recipient Legal Aid at Work or redistribute such uncashed funds to Participating Individuals who cashed their Settlement Award checks | As soon as practicable after check-cashing deadline  Participants shall have 180 days to cash redistributed checks if such checks are issued. |
| Deadline for Kroll to provide written certification of completion of administration of the Settlement to counsel for all Parties and the Court | Within 21 business days after the distribution of any uncashed funds |

22.    The Court further ORDERS that, pending further order of this Court, all proceedings in the above-captioned Action, except those contemplated herein and in the Settlement, are stayed, and all deadlines are vacated.

23.    The Court will separately enter a Judgment and Dismissal of this Action with prejudice consistent with the terms of this Order.

**IT IS SO ORDERED.**

Dated: March 18, 2022

HON. JOSEPH C. SPERO
United States Chief Magistrate Judge
Northern District of California