UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CHAVEZ, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>STELLAR MANAGEMENT GROUP VII, LLC, et al.,<br><br>　　　　Defendants. | Case No. 19-cv-01353-JCS<br><br>**ORDER GRANTING IN PART MOTION FOR ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARDS**<br><br>Re: Dkt. No. 155 |

　　　　In conjunction with their motion for final approval of a class action settlement, which the Court grants today by a separate order, Plaintiffs move to approve awarding from the common settlement fund attorneys' fees totaling $1,416,666.52, costs totaling $34,384.78, and incentive awards of $12,000 and $10,000 respectively for the two named plaintiffs serving as class representatives.

　　　　Plaintiffs' request for attorneys' fees amounts to approximately one third[1] of the $4,250,000 gross settlement. The Ninth Circuit has long recognized twenty-five percent of a common fund settlement as a benchmark for awarding attorneys' fees. *See, e.g.*, *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 570 (9th Cir. 2019); *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002). Courts may adjust that percentage upwards or downwards depending on the circumstances of a particular case, based on factors including the nature of the results for class

---

[1] Plaintiffs present their $1,416,666.52 request as one third of the settlement, but that fraction would in fact be $1,416,666.67. The error of fifteen cents is unexplained, but it is de minimis and not relevant to the outcome of the motion.

members, the risk taken by class counsel, counsel's opportunity cost in taking the case, and comparable market rates, among other potential considerations. *See Vizcaino*, 290 F.3d at 1048–50. Plaintiffs' motion cites *Vizcaino* as holding that "the skill required and the quality of work" are also relevant factors. Fees Mot. (dkt. 155) at 12. While that phrase appears often in district court decisions discussing *Vizcaino*, the Ninth Circuit did not identify those factors in that case. Nevertheless, this Court agrees that the skill required and the quality of counsel's work are relevant considerations.

Here, some factors warrant an upward departure. Defendants vigorously litigated the case at the pleading stage, and Plaintiffs prevailed on all contested motions. Plaintiffs faced significant uncertainty as to whether they could prevail on at least some portions of their claims, counsel took on risk in pursuing those claims on a contingency basis, and no class member objected to the request for fees. On the other hand, the outcome of the settlement—recovery to class members in the low-teen percentage range[2] of total exposure—while sufficient to warrant approval of the settlement, is by no means exceptional. Class counsel's prosecution of the case was also not without errors, including repeated failure to comply with this Court's guidance for class action settlements, thus requiring multiple rounds of supplemental briefing and delaying approval of the settlement.

Counsel offers a lodestar "cross check" to confirm the reasonableness of their fee request, asserting that the hours they spent on the case multiplied by reasonable billing rates would support a total fee of $1,291,655 before accounting for any multiplier due the contingent nature of the representation or any other adjustment warranted by the circumstances of the case. The Court finds that calculation to be of little value. While some of the billing rates included in that analysis are likely reasonable, others are well above the local prevailing rates for attorneys and non-attorney support staff of comparable skill and experience. The Court does not reach the question of whether counsel sufficiently documented the hours they spent on the case.

Weighing the relevant factors, the Court finds that an award of fees somewhat greater than

---

[2] The precise percentage will depend on the number of non-California employees who opt into the settlement of Plaintiffs' FLSA claims, which remains to determined.

the twenty-five percent benchmark is appropriate, but not the full one-third share that counsel has requested. The motion to approve attorneys' fees is therefore GRANTED IN PART, and counsel shall recover fees totaling $1,232,500, representing twenty-nine percent of the common fund.

Plaintiffs' motion is GRANTED as to the requests for costs and incentive awards.

Accordingly, class counsel shall recover $1,232,500 in fees and $34,384.78 from the common settlement fund, Plaintiff David Chavez shall recover $12,000 from the common fund, and Plaintiff Vincent Slaughter shall recover $10,000 from the common fund. The remainder of the settlement shall be distributed as stated in the parties' settlement agreement and the Court's separate order granting final approval.[3]

**IT IS SO ORDERED.**

Dated: March 18, 2022

JOSEPH C. SPERO
Chief Magistrate Judge

---

[3] The parties have consented to the jurisdiction of a magistrate judge for all purposes under 28 U.S.C. § 636(c).