UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CHAVEZ,<br><br>    Plaintiff,<br><br>v.<br><br>STELLAR MANAGEMENT GROUP VII, LLC, et al.,<br><br>    Defendants. | Case No. 19-cv-01353-JCS<br><br>**ORDER DENYING MOTION TO REOPEN CASE**<br><br>Re: Dkt. No. 163 |

Original plaintiff David Chavez filed this wage-and-hour case on March 13, 2019, asserting state-law claims on a class basis under Rule 23 of the Federal Rules of Civil Procedure and Fair Labor Standards Act ("FLSA") claims on a collective basis. *See generally* Compl. (dkt. 1). On March 9, 2020, Raman Singh Johal signed a form agreement opting into the FLSA collective action, consenting "to become a Plaintiff herein and be bound by any judgment of the Court or any settlement of this action," consenting to the jurisdiction of a magistrate judge for all purposes, and authorizing plaintiffs' counsel Schneider Wallace Cottrell Konecky Wotkyns LLP[1] to prosecute the case and negotiate a settlement on his behalf. Plaintiffs' counsel filed Johal's opt-in form in the record on March 13, 2019 (dkt. 65).

On March 18, 2022, the Court entered final judgment based on the parties' agreement to settle the claims at issue on a class and collective basis. *See* dkts. 160–62. According to a declaration submitted in conjunction with the motion for final approval, no class members submitted timely objections or requests to be excluded from the class. Fenwick Decl. (dkt. 156-2) ¶¶ 13–15.

---

[1] The firm is now Schneider Wallace Cottrell Konecky LLP.

On May 18, 2022, Johal, proceeding pro se, filed a motion to reopen the case and to award the entire classwide and collective-wide gross settlement fund of $4,250,000 to him personally. Mot. to Reopen (dkt. 163). Documents attached to Johal's motion indicate that he received a check for $198.06 after the settlement was finalized and approved. *Id.* Johal asserts that he "hired an attorney to open a lawsuit against [his] previous employer," but the attorney instead "opened a class action lawsuit with 7,000 people, without [Johal's] knowledge." *Id.*

Nothing in Johal's motion indicates there is any legal basis to set aside the parties' settlement, reopen the case after judgment has been entered, or award Johal all of the funds that Defendants agreed to pay the class and collective as a whole. To the contrary, Johal affirmatively opted into this case, and there is no indication that he objected to the terms of the settlement or sought to exclude himself from it within the time allotted to do so. If Johal takes issue with the manner in which plaintiffs' counsel prosecuted the case to a settlement or explained the nature of the representation to him, any potential remaining dispute is with his attorneys, not with his former employers who were the defendants in this action. The motion to reopen is therefore DENIED.

The Clerk is instructed to add Johal to the docket of this closed case as a plaintiff and to mail a copy of this order to him at the address listed on his motion to reopen.

**IT IS SO ORDERED.**

Dated: August 9, 2022

JOSEPH C. SPERO
Chief Magistrate Judge