UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CHAVEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STELLAR MANAGEMENT GROUP VII, LLC, et al.,<br><br>　　　　Defendants. | Case No. 19-cv-01353-JCS<br><br>**ORDER TO SHOW CAUSE REGARDING STIPULATION FOR ADMINISTRATOR'S COSTS AND CHECK CASHING DEADLINE**<br><br>Re: Dkt. No. 166 |

　　　　The parties have filed a stipulation to approve additional costs incurred by the settlement administrator, Kroll Settlement Administration LLC, due to a higher than expected rate of checks uncashed by class members,[1] to be paid from the uncashed portion of the common settlement fund. The parties also request to extend class members' check-cashing deadline to sixty days from the date of reissued checks.

　　　　The administrator requests $500 for costs associated with providing payment to a class member erroneously omitted from the class list prepared by Defendants. The parties and the administrator are ORDERED TO SHOW CAUSE why the request to pay those costs from the common fund should not be denied, and why Defendants should not be ordered to reimburse the administrator $500 for those costs arising from Defendants' error.

　　　　More significantly, the administrator requests $55,744 for additional costs to complete its duties under the settlement agreement regarding outreach to class members who have not cashed

---

[1] As used in this order, "class members" is equivalent to the term "Participating Individuals" in the parties' stipulation, which includes "Rule 23 California Class Members, FLSA Opt-In Plaintiffs, and PAGA Aggrieved Employees." Stip. (dkt. 166) ¶ 5.

their checks, including telephone calls. As a starting point, the Court notes that the administrator appears to be in breach of its duties. The settlement agreement called for the administrator to "cancel the original check issued and . . . promptly attempt to obtain a valid mailing address by performing a skip trace search for those individuals and send second checks to the updated address, or if no update is obtained, to the last known address" for any checks not cashed within 60 days of issuance. Amendment to Settlement Agreement (dkt. 147-1) ¶ 11 (modifying Paragraph 41 of the agreement). Checks were mailed on April 20, 2022. Fenwick Decl. (dkt. 166-1) ¶ 6. The administrator's present declaration indicates that canceling and remailing checks remains to be completed nearly 180 days after issuance—i.e., nearly 120 days after those steps were supposed to be taken. *Id.* ¶ 8.

Further, the order granting final approval (dkt. 160) set a "deadline" of "60 days before the check-cashing deadline" for the administrator to call class members who had not cashed their checks. Final Approval Order (dkt. 160) ¶ 21. The check-cashing deadline is 180 days after checks were issued (i.e., October 17, 2022), so the deadline to complete those telephone calls was August 18, 2022. The administrator's declaration suggests that has not yet been completed. Fenwick Decl. ¶ 9 ("Pursuant to the Settlement, Kroll will cause a call to be placed to each Class Member who has not already cashed their Settlement Award check in order to remind them to do so."). While the settlement agreement called for such calls to be made *within* the final sixty days of the check-cashing period, the final approval order—which, in relevant part, the Court signed as submitted the parties—set a deadline on which class members might have reasonably relied in declining to object to the settlement.

Finally, while the order granting preliminary approval referred to an "estimated" cost of settlement administration, Prelim. Approval Order (dkt. 151) ¶ 7, the notice approved by the Court for distribution to class members stated that the "Settlement Administrator's costs are *capped* at $85,000, and this payment will also come from the settlement fund," Amendment to Settlement Agreement Ex. E at 10 (emphasis added). The final approval order, which again in relevant part was signed as submitted by the parties, "approve[d] payment to the Settlement Administrator . . . of $81,361.00 out of the Gross Settlement Amount," with no indication that further funds could be

2

paid from the settlement fund. Final Approval Order ¶ 18. Class members may have reasonably relied on the cap stated in their notice, and perhaps on the sum certain stated in the proposed final approval order, in declining to object to the settlement.

The parties and the administrator are therefore ORDERED TO SHOW CAUSE: (1) why this request should not be granted *only* as to $3,639, representing the different between the amount previously approved and the "capped" costs as stated in notice to class members; (2) why this request should not be denied as to the remainder of the administrator's estimated additional costs; and (3) why Defendants, class counsel, and the administrator should not be ordered to meet and confer to negotiate an equitable allocation of those remaining costs among themselves (but not to be borne by the class), taking into account the extent to which the parties and counsel relied on the administrator's expertise in estimating costs, the extent to which the class notice and other court filings submitted by the parties accurately reflected the parties' agreement with the administrator, and any other considerations that may be relevant.

The parties and the administrator are further ORDERED TO SHOW CAUSE why the following schedule should not be set, in order to efficiently complete the substance of the agreed and approved procedure without undue further delay:

(1) The administrator cancels all uncashed checks after October 17, 2022, the current check-cashing deadline.

(2) No later than November 10, 2022, the administrator attempts to call all class members who have not cashed their checks to determine whether the addresses to which the checks were previously mailed are accurate or if those class members are willing to provide updated addresses.

(3) No later than November 23, 2022, the administrator takes steps to determine updated addresses via skip trace for any class members whose address has not already been confirmed by telephone, consistent with Paragraph 41 of the settlement agreement.

(4) No later than December 7, 2022, the administrator remails checks to the best known address for all class members who did not cash their original checks, with notice that the new checks will be valid for 60 days from issuance (the "Supplemental Check

Cashing Deadline").

(5) As soon as practicable after the Supplemental Check Cashing Deadline, the administrator cancels any uncashed checks and redistribute uncashed funds, minus the $3,639 in costs proposed to be approved by this order, either to class members who cashed their checks or to the cy pres, consistent with Paragraph 42 of the settlement agreement.

(6) No later than 21 days after redistribution to class members or the cy pres, the parties file a declaration by the administrator accounting for the distribution of all settlement funds.

(7) If funds are redistributed to participating class members rather than to the cy pres, the parties file a supplemental declaration by the administrator accounting for that redistribution no later than 21 days after the 180-day deadline for participating class members to cash those redistributed checks. *See* Final Approval Order ¶ 21.

If any party or the administrator objects to the relief proposed above, they must file a response to this order no later than October 17, 2022.[2]

**IT IS SO ORDERED.**

Dated: October 11, 2022

_____
JOSEPH C. SPERO
Chief Magistrate Judge

---

[2] The parties have consented to the jurisdiction of a magistrate judge for all purposes under 28 U.S.C. § 636(c).