UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CHAVEZ,<br><br>         Plaintiff,<br><br>    v.<br><br>STELLAR MANAGEMENT GROUP VII, LLC, et al.,<br><br>         Defendants. | Case No. 19-cv-01353-JCS<br><br>**ORDER GRANTING AS MODIFIED STIPULATION FOR ADMINISTRATOR'S COSTS AND CHECK CASHING DEADLINE**<br><br>Re: Dkt. Nos. 166, 168 |

The parties filed a stipulation to approve additional costs of $56,244 incurred by the settlement administrator, Kroll Settlement Administration LLC, due to a higher than expected rate of checks uncashed by class members[1] and an error in preparing the class list, to be paid from the uncashed portion of the common settlement fund. Stip. (dkt. 166). The Court ordered the parties to show cause why Defendants should not pay a $500 cost caused by their error preparing the class list and why the additional payment from the settlement fund should not be constrained by the "cap" on administration fees stated in the class notice. Order to Show Cause (dkt. 167). The Court also noted that the administrator appeared to be in breach of its duties under the order granting final approval, and proposed a schedule to complete supplemental notice and delivery of checks. *Id.* The parties filed a response to the order to show cause agreeing that Defendants would pay the $500 and proposing a reduced additional fee from the settlement fund of up to $25,991 to compensate the administrator for out-of-pocket expenses, to be paid only from funds

---

[1] As used in this order, "class members" is equivalent to the term "Participating Individuals" in the parties' stipulation, which includes "Rule 23 California Class Members, FLSA Opt-In Plaintiffs, and PAGA Aggrieved Employees." Stip. (dkt. 166) ¶ 5.

that would otherwise go to the cy pres.  Response (dkt. 168).

The Court has serious concerns about the parties' decision to use an apparently untested system of check cancellation and redelivery that has now resulted in costs significantly greater than their estimates and purported cap, their failure to conform their proposed orders and class notice to the terms of their settlement agreement, and particularly their cavalier response to the administrator's failure to comply with the schedule stated in the order granting final approval. That said, the modified proposal in the parties' response to the order to show cause is generally a reasonable compromise to resolve the unfortunate circumstances in which they have found themselves.  The Court therefore ORDERS as follows, using in large part the schedule and language proposed by the parties:

(1) Defendants shall pay the settlement administrator $500 for costs associated with providing payment to a class member erroneously omitted from the class list prepared by Defendants.

(2) No later than October 28, 2022,[2] the administrator shall begin calling all class member who have not cashed their checks to determine whether the addresses to which the checks were previously mailed are accurate or if those class members are willing to provide updated addresses.

(3) No later than November 14, 2022, the administrator shall take steps to determine updated addresses via skip trace for any class members whose address has not already been confirmed by telephone, consistent with Paragraph 41 of the settlement agreement.

(4) No later than November 23, 2022, the administrator shall remail checks to the best known address for all class members who did not cash their original checks, with

---

[2] The Court recognized that this date has passed since the parties filed their response to the order to show cause proposing this schedule, and the administrator reasonably might not have begun calling class members while awaiting the Court's decision on the proposal. **If the administrator did not begin calling class members in accordance with the proposed schedule, all obligations stated in this order are STAYED, and the parties shall file a stipulation no later than November 9, 2022 proposing a new schedule with substantially the same overall structure but shifted to begin later.**

notice that the new checks will be valid for 60 days from issuance (the "Supplemental Check Cashing Deadline").

(5) As soon as practicable after the Supplemental Check Cashing Deadline, the Administrator shall cancel any uncashed checks and either redistribute uncashed funds, to class members who cashed their checks, or to the cy pres minus the costs of up to $25,991 approved by this order, consistent with Paragraph 42 of the settlement agreement.

(6) No later than 21 days after redistribution to class members or the cy pres, the parties shall file a declaration by the administrator accounting for the distribution of all settlement funds.  If funds are redistributed to cy pres, the administrator will be reimbursed for supplemental out-of-pocket costs of up to $25,991 to the extent such uncashed check funds are available that would otherwise go to the cy pres, and the administrator may not pursue any remaining amount for its supplemental costs under the settlement.

(7) If funds are redistributed to participating class members rather than to the cy pres, the parties shall file a supplemental declaration by the administrator accounting for that redistribution no later than 21 days after the 180-day deadline for participating class members to cash those redistributed checks.  *See* Final Approval Order ¶ 21.  The Court declines to reduce this check-cashing deadline to 60 days.  Following the expiration of that check cashing deadline, any remaining uncashed check funds will be redistributed to cy pres consistent with Paragraph 42 of the settlement agreement, except that the administrator will be reimbursed for supplemental out-of-pocket costs of up to $25,991 to the extent such uncashed check funds are available that would otherwise go to the cy pres, and the administrator may not pursue any remaining amount for its supplemental costs under the settlement.

As should go without saying, the Court expects the parties and the administrator to comply with all terms of this order (subject to the exception in footnote 2, supra, if the administrator did not begin calling class members in accordance with the proposed schedule while awaiting the

United States District Court
Northern District of California

Court's decision).[3]

**IT IS SO ORDERED.**

Dated: November 4, 2022

JOSEPH C. SPERO
Chief Magistrate Judge

---

[3] The parties have consented to the jurisdiction of a magistrate judge for all purposes under 28 U.S.C. § 636(c).